

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | CIVIL NO. |
| v. | ) | |
| | ) | 19   2614 |
| JOHN F. PETERSHEIM | ) | |
| and LENA M. PETERSHEIM | ) | FILED |
| A/K/A LENA MAE PETERSHEIM | ) | |
| | ) | JUN 14 2019 |
| Defendants | ) | KATE BARKMAN Clerk |
| | | By_____ Dep. |

## COMPLAINT

The United States of America, a sovereign corporation, by and through its specially

appointed attorney, Rebecca A. Solarz of KML Law Group, P.C. for its Complaint alleges:

1.   That this Court has jurisdiction under the provisions of 28 U.S.C. § 1345.

2.   That the plaintiff is the United States of America, acting through the Farm Service

Agency, United States Department of Agriculture (hereinafter "Plaintiff") with an office at 359

East Park Drive, Harrisburg, PA 17110.

3.   That the defendant, John F. Petersheim, is an adult individual whose last known

address is 350 South Sandy Hill Road, Coatesville, Pennsylvania 19320.

4.   That the defendant, Lena M. Petersheim a/k/a Lena Mae Petersheim, is an adult

individual whose last known address is 350 South Sandy Hill Road, Coatesville,

Pennsylvania 19320.

5.   That on or about April 4, 1997, at the request of the defendants, John F. Petersheim and Lena M.

Petersheim a/k/a Lena Mae Petersheim, the Plaintiff lent to said defendants the sum of

$75,000.00 pursuant to the Consolidated Farm and Rural Development Act.

6.   That as evidence of the indebtedness, the defendants executed and delivered to the

Plaintiff a promissory note dated April 4, 1997, in the amount of $75,000.00. A true copy of the note is attached hereto, marked Exhibit A, and made a part hereof as if set forth in its entirety.

7.     That the defendants, for the purpose of securing the Plaintiff against loss with regard to the note set forth above, did execute and acknowledge to the Plaintiff on or about April 4, 1997, a mortgage whereby they granted, conveyed and mortgaged the real property described therein to the Plaintiff. A true copy of the mortgage is attached hereto, marked Exhibit B, and made a part hereof as if set forth in its entirety.

8.     That said mortgage was duly recorded on April 10, 1997, with the Office of the Recorder of Deeds in Chester County, Pennsylvania, at Book 4161, Page 2202.

9.     That on or about October 11, 2002, at the request of the defendants, the Plaintiff rescheduled the April 10, 1997 note, pursuant to the Consolidated Farm and Rural Development Act.

10.     That as evidence of the rescheduling of their indebtedness, the defendants executed and delivered to the Plaintiff a promissory note in the amount of $57,616.97, dated October 11, 2002. A true copy of the note is attached hereto, marked Exhibit C, and made a part hereof as if set forth in its entirety.

11.     That on or about October 11, 2002, at the request of the defendants, the Plaintiff lent to said defendants the sum of $56,000.00 pursuant to the Consolidated Farm and Rural Development Act.

12.     That as evidence of the indebtedness, the defendants executed and delivered to the Plaintiff a promissory note dated October 11, 2002, in the amount of $56,000.00. A true copy of the note is attached hereto, marked Exhibit D, and made a part hereof as if set forth in its entirety.

13.     That the defendants, for the purpose of securing the Plaintiff against loss with regard to the note set forth above, did execute and acknowledge to the Plaintiff on or about October 11, 2002, a mortgage whereby they granted, conveyed and mortgaged the real property described therein to the Plaintiff. A true copy of the mortgage is attached hereto, marked Exhibit E, and made a part hereof as if set forth in its entirety.

14.     That said mortgage was duly recorded on October 25, 2002, with the Office of the Recorder of Deeds in Chester County, Pennsylvania, at Book 5433, Page 263.

15.     That on or about February 4, 2004, at the request of the defendants, the October 11, 2002 promissory notes of $56,000.00 and $57,616.97 were consolidated and a subsequent loan was made, all of which were memorialized by a new promissory note in the amount of $115,009.44. A true copy of the note is attached hereto, marked Exhibit F, and made a part hereof as if set forth in its entirety.

16.     That on or about September 19, 2005, at the request of the defendants, the February 4, 2004 note was rescheduled into a new promissory note in the amount of $121,866.65. A true copy of the note is attached hereto, marked Exhibit G, and made a part hereof as if set forth in its entirety.

17.     That the Plaintiff is the owner and holder of the above-described promissory notes and mortgages.

18.     That the promissory notes provide, among other things, as follows:

> Failure to pay when due any debt evidenced by this note or perform any covenant of agreement under this note shall constitute default under this and any other instrument evidencing a debt of Borrower owing to, insured or Guaranteed by the Government or securing or otherwise relating to such debt; and default under any such other instrument shall constitute default under this note. UPON ANY SUCH DEFAULT, the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

19.    That the defendants have failed or refused to comply with the provisions of the promissory notes and mortgages in that they have failed or refused to pay the installments of principal and interest when due.

20.    That because of the breaches of the provisions and conditions of the said promissory notes and mortgages, the Plaintiff does hereby elect to declare the entire amount of the indebtedness of the promissory notes and mortgages to be immediately due and payable. True copies of the acceleration notices are attached hereto, collectively marked as Exhibit H, and made a part hereof as if set forth in their entirety.

21.    That there is now fully due and owing the Plaintiff on the promissory notes and mortgages the following sums:

Principal and advances . . . . . . . . . . . . . . . . . . . . . .$131,228.08

Interest through March 7, 2019. . . . . . . . . . . . . . . . . . . .$7,544.80

TOTAL. . . . . .$138,772.88

Plus interest accruing after March 7, 2019, at the daily rate of $15.7295. A true copy of a declaration setting forth this indebtedness in detail is attached hereto, marked Exhibit I, and made a part hereof as if set forth in its entirety.

22.    That the defendants are the current record owners of the mortgaged premises to the best of the Plaintiff s knowledge and belief.

23.    That no other action has been brought at law or in equity to enforce the provisions of the aforesaid promissory notes or real estate mortgages.

24.    That all conditions precedent to the bringing of the action have been performed or have occurred, including those set forth in 7 C.F.R. § 766, Subpart C.

WHEREFORE, the Plaintiff demands judgment as follows:

(a)     That the amount due to the Plaintiff on its promissory notes and real estate mortgages may be adjudged;

(b)     That a judgment against the defendants be entered in favor of Plaintiff in the amount so adjudged, plus interest at the daily accrual rate of $15.7295 from and including March 8, 2019 to the date of judgment, and interest at the legal rate thereafter until the date all security is sold;

(c)     That the defendants, and every person whose conveyance or encumbrance is subsequent or subsequently recorded, be forever barred and foreclosed of all rights, claims, liens, and equity of redemption in the mortgaged premises;

(d)     That said premises may be decreed and sold according to law;

(e)     That the monies arising from said sale be brought into Court;

(f)     That the Plaintiff be paid the amount adjudged due with interest thereon to the time of such payment, together with costs and expenses of this action and expenses of sale so far as the amount of such money applicable thereto will pay the same;

(g)     That the Plaintiff shall have such other and further relief in the premises as shall be just and equitable.

United States of America by and through
its specially assigned counsel
KML Law Group, P.C.

By:_____
Rebecca A. Solarz
BNY Independence Center
701 Market Street
Suite 5000
Philadelphia, PA 19106-1532
(215)825-6327
(215)825-6443
RSOLARZ@KMLLAWGROUP.COM

USDA-FmHA
Form FmHA 1940-17
(Rev. 4-92)

RESCHEDULED to 44-03

**PROMISSORY NOTE**

| KIND OF LOAN |
|---|
| Type: __OL__  ☐ Regular / ☒ Limited Resource |

Pursuant to:
☒ Consolidated Farm & Rural Development Act
☐ Emergency Agricultural Credit Adjustment Act of 1978

| Name | | ACTION REQUIRING NOTE | |
|---|---|---|---|
| John F. Petersheim and Lena Mae Petersheim | | ☒ Initial loan | ☐ Rescheduling |
| **State** Pennsylvania | **County** Chester | ☐ Subsequent loan | ☐ Reamortization |
| **Case No.** ▆▆▆▆ | **Date** April 4, 1997 | ☐ Consolidated & subsequent loan | ☐ Credit sale / ☐ Deferred payments |
| **Fund Code** 44 | **Loan No.** 01 | ☐ Consolidation | ☐ Debt write down |
| | | ☐ Conservation easement | |

FOR VALUE RECEIVED, the undersigned Borrower and any cosigners jointly and severally promise to pay to the order of the United States of America, acting through the Farmers Home Administration, United States Department of Agriculture, (herein called the "Government"), or its assigns, at its office in __559 W. Uwchlan Avenue, Suite 130,__

__Lionville, PA 19341-3011__, or at such other place as the Government may later designate in writing, the principal sum of

__SEVENTY FIVE THOUSAND ————————————————————— 00/100__ dollars

($ __75,000.00__ ), plus interest on the unpaid principal balance at the **RATE** of

__FIVE ————————————————————————__ percent ( __5__ %) per annum and

__——————————————————————__ dollars ($ _____ )
of Noncapitalized interest. If this note is for a Limited Resource loan (indicated in the "Kind of Loan" box above) the Government may **CHANGE THE RATE OF INTEREST**, in accordance with regulations of the Farmers Home Administration, not more often than quarterly, by giving the Borrower thirty (30) days prior written notice by mail to the Borrower's last known address. The new interest rate shall not exceed the highest rate established in regulations of the Farmers Home Administration for the type of loan indicated above.

Principal and interest shall be paid in __SEVEN (7)__ installments as indicated below, except as modified by a different rate of interest, on or before the following dates:

| | | | | | | |
|---|---|---|---|---|---|---|
| $ __7,577.00__ | on __4-4-1998__ | ; | $ __7,577.00__ | | on __4-4-1999__ | ; |
| $ __N/A__ | on ____ | ; | $ __N/A__ | | on ____ | ; |
| $ __N/A__ | on ____ | ; | $ __N/A__ | | on ____ | ; |
| $ __N/A__ | on ____ | ; | $ __N/A__ | | on ____ | ; |
| $ __N/A__ | on ____ | ; | $ __N/A__ | | on ____ | ; |
| $ __N/A__ | on ____ | ; | $ __N/A__ | | on ____ | ; |

and $ __7,577.00__ thereafter on __April 4th__ of each __year__ until the principal and interest are fully paid except that the final installment of the entire indebtedness evidenced hereby, if not sooner paid, shall be due and payable __7__ years from the date of this note, and except that prepayments may be made as provided below. The consideration for this note shall also support any agreement modifying the foregoing schedule of payments.

If the total amount of the loan is not advanced at the time of loan closing, the loan funds shall be advanced to the Borrower as requested by Borrower and approved by the Government. Approval by the Government will be given provided the advance is requested for a purpose authorized by the Government. Interest shall accrue on the amount of each advance from its actual date as shown in the Record of Advances at the end of this note. Borrower authorizes the Government to enter the amount(s) and date(s) of such advance(s) in the Record of Advances.

**EXHIBIT A**

For each rescheduled, reamortized or consolidated note for applications for Primary and Preservation Loan Service Programs received prior to November 28, 1990, interest accrued to the date of this instrument which is more than 90 days overdue shall be added to principal and such new principal shall accrue interest at the rate evidenced by this instrument. For applications for Primary and Preservation Loan Service Programs received on or after November 28, 1990, all unpaid interest accrued to the date of this instrument shall be added to the principal and such new principal shall accrue interest at the rate evidenced by this instrument.

Every payment made on any indebtedness evidenced by this note shall be applied first to a portion of any interest which accrues during the deferral period, second to accrued interest to the date of the payment on the note account and then to the principal. Nonprogram loans are not eligible for deferral.

Prepayments of scheduled installments, or any portion of these installments, may be made at any time at the option of the Borrower. Refunds and extra payments, as defined in the regulations (7 CFR §1951.8) of the Farmers Home Administration according to the source of funds involved, shall, after payment of interest, to be applied to the last installments to become due under this note and shall not affect the obligation of Borrower to pay the remaining installments as scheduled in this note.

If the Government at any time assigns this note and insures the payment of it, Borrower shall continue to make payments to the Government as collection agent for the holder. While this note is held by an insured holder, prepayments made by Borrower may, at the option of the Government, be remitted by the Government to the holder promptly or, except for final payment, be retained by the Government and remitted to the holder on an installment due date basis. The effective date of every payment made by Borrower, except payments retained and remitted by the Government on an installment due date basis, shall be the date of the United States Treasury check by which the Government remits the payment to the holder. The effective date of any prepayment retained and remitted by the Government to the holder on an installment due date basis shall be the date of the prepayment by Borrower, and the Government will pay the interest to which the holder is entitled accruing between such date and the date of the Treasury check to the holder.

Any amount advanced or expended by the Government for the collection of this note or to preserve or protect any security for the loan or otherwise expended under the terms of any security agreement or other instrument executed in connection with the loan evidenced by this note, at the option of the Government shall become a part of and bear interest at the same rate as the principal of the debt evidenced by this note and be immediately due and payable by Borrower to the Government without demand.

Properly constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced by this note shall not be leased, assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government. Unless the Government consents otherwise in writing, Borrower will operate such property as a farm if this is a Farm Ownership loan.

If "Consolidation and subsequent loan," "Debt write down," "Consolidation," "Rescheduling," or "Reamortization" is indicated in the "Action Requiring Note" block above, this note is given to consolidate, reschedule or reamortize, but not in satisfaction of the unpaid principal and interest on the following described note(s) or assumption agreement(s) (new terms):

| FUND CODE/ LOAN NO. | FACE AMOUNT | INT. RATE | DATE | ORIGINAL BORROWER | LAST INSTALL. DUE |
|---|---|---|---|---|---|
| | $ | % | , 19 | | , 19 |
| | $ | % | , 19 | | , 19 |
| | $ | % | , 19 | | , 19 |
| | $ | % | , 19 | | , 19 |
| | $ | % | , 19 | | , 19 |
| | $ | % | , 19 | | , 19 |
| | $ | % | , 19 | | , 19 |

Security instruments taken in connection with the loans evidenced by these described notes and other related obligations are not affected by this consolidating, rescheduling or reamortizing. These security instruments shall continue to remain in effect and the security given for the loans evidenced by the described notes shall continue to remain as security for the loan evidenced by this note, and for any other related obligations.

REFINANCING (GRADUATION) AGREEMENT: If at any time it shall appear to the Government that the Borrower may be able to obtain financing from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and periods of time, Borrower will, at the Government's request, apply for and accept a loan(s) in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock. The provisions of this paragraph do not apply if the loan represented by this promissory note was made to the Borrower as a nonprogram loan.

**HIGHLY ERODIBLE LAND AND WETLAND CONSERVATION AGREEMENT:** Borrower recognizes that the loan described in this note will be in default should any loan proceeds be used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as further explained in 7 CFR Part 1940, Subpart G, Exhibit M. If (1) the term of the loan exceeds January 1, 1990, but not January 1, 1995, and (2) Borrower intends to produce an agricultural commodity on highly erodible land that is exempt from the restrictions of Exhibit M until either January 1, 1990, or two years after the Soil Conservation Service (SCS) has completed a soil survey for the Borrower's land, whichever is later, the Borrower further agrees that, prior to the loss of the exemption from the highly erodible land conservation restrictions found in 7 CFR Part 12, Borrower must demonstrate that Borrower is actively applying on that land which has been determined to be highly erodible, a conservation plan approved by the SCS or the appropriate conservation district in accordance with SCS's requirements. Furthermore, if the term of the loan exceeds January 1, 1995, Borrower further agrees that Borrower must demonstrate prior to January 1, 1995, that any production of an agricultural commodity on highly erodible land after that date will be done in compliance with a conservation system approved by SCS or the appropriate conservation district in accordance with SCS's requirements.

**DEFAULT:** Failure to pay when due any debt evidenced by this note or perform any covenant of agreement under this note shall constitute default under this and any other instrument evidencing a debt of Borrower owing to, insured or Guaranteed by the Government or securing or otherwise relating to such debt; and default under any such other instrument shall constitute default under this note. **UPON ANY SUCH DEFAULT,** the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

This Note is given as evidence of a loan to Borrower made or insured by the Government pursuant to the Consolidated Farm and Rural Development Act, or the Emergency Agricultural Credit Adjustment Act of 1978 and for the type of loan as indicated in the "Kind of Loan" block above. This Note shall be subject to the present regulations of the Farmers Home Administration and to its future regulations not inconsistent with the express provisions of this note.

Presentment, protest, and notice are waived.

_John F. Petersheim_                                                        (Borrower)
John F. Petersheim

(SEAL)

_Lena Mae Petersheim_                                                   *(Borrower)*
Lena Mae Petersheim

350 South Sandy Hill Road

Coatesville, PA  19320

### RECORD OF ADVANCES

| AMOUNT | DATE | AMOUNT | DATE | AMOUNT | DATE |
|---|---|---|---|---|---|
| $ 75,000.00 | 4-4-97 | $ | | $ | |
| $ | | $ | | $ | |
| $ | | $ | | $ | |
| $ | | $ | | $ | |
| | | | TOTAL | $ 75,000.00 | |

USDA-FSA
Form FSA 1927-1 PA
(Rev. 8-96)

*Position 5*

## REAL ESTATE MORTGAGE FOR PENNSYLVANIA

THIS MORTGAGE is made and entered into by _____ John F. Petersheim and _____

_____ Lena Mae Petersheim, husband & wife _____

residing in _____ Chester _____ County, Pennsylvania, whose post office address is

_____ 350 South Sandy Hill Road, Coatesville _____, Pennsylvania 19320 ___,

herein called "Borrower," and The United States of America, acting through the Farm Service Agency, United States Department of Agriculture, the Mortgagee, whose principal office is located in Washington, D.C. herein called the "Government," and:

WHEREAS Borrower is indebted to the Government, as evidenced by one or more Promissory Note(s) or Assumption Agreement(s) or any Shared Appreciation or Recapture Agreement, herein called "Note," which has been executed by Borrower, is payable to the order of the Government, authorizes acceleration of the entire indebtedness at the option of the Government upon default by Borrower, and is described as follows:

| Date of Instrument | Principal Amount | Annual Rate of Interest | Due Date of Final Installment |
|---|---|---|---|
| April 4, 1997 | $75,000.00 | Five Percent (5%) | April 4, 2004 |

(The interest rate for limited resource farm ownership or limited resource operating loan(s) secured by this instrument may be increased as provided in the Farm Service Agency regulations and the Note.)

And the Note evidences a loan to Borrower, and the Government, at any time, may assign the Note and insure the payment thereof pursuant to the Consolidated Farm and Rural Development Act, or Title V of the Housing Act of 1949, or any other statutes administered by the Farm Service Agency.

And it is the purpose and intent of this instrument that, among other things, at all times when the Notes is held by the Government, or in the event the Government should assign this instrument without insurance of the Note, this instrument shall secure payment of the Note; but when the Note is held by an insured holder, this instrument shall not secure payment of the Note or attach to the debt evidenced thereby, but as to the Note and such debt shall constitute an indemnity mortgage to secure the Government against loss under its insurance contract by reason of any default by Borrower;

And this instrument also secures the recapture of any amount due under any Shared Appreciation/Recapture Agreement entered into pursuant to 7 U S C. § 2001.

NOW, THEREFORE, in consideration of the loan(s) and (a) at all times when the Note is held by the Government, or in the event the Government should assign this instrument without insurance of the payment of the Note, to secure prompt payment of the Note and any renewals and extensions thereof and any agreements contained therein, including any provision for the payment of an insurance or other charge, (b) at all times when the Note is held by an insured holder, to secure performance of Borrower's agreement herein to indemnify and save harmless the Government against loss under its insurance contract by reason of any default by Borrower and (c) in any event and at all times to secure the prompt payment of all advances and expenditures made by the Government, with interest, as hereinafter described, and the performance of every covenant and agreement of Borrower contained herein or in any supplementary agreement, Borrower does hereby grant, convey, mortgage, assign, and forever warrant unto the Government the following property situated in the State of Pennsylvania, County(ies) of _____ Chester _____:

See attached legal description.

EXHIBIT B

FSA 1927-1 PA (Rev. 8-96)

BK4161PG2202

together with all rights (including the rights to mining products, gravel, oil, gas, coal, or other minerals), interests, easements, hereditaments and appurtenances thereunto belonging, the rents, issues, and profits thereof and revenues and income therefrom, all improvements and personal property now or later attached thereto or reasonably necessary to the use thereof, including, but not limited to, ranges, refrigerators, clothes washers, clothes dryers, or carpeting purchased or financed in whole or in part with loan funds, all water, water rights, and water stock pertaining thereto, and all payments at any time owing to Borrower by virtue of any sale, lease, transfer, conveyance, or condemnation of any part thereof or interest there-in-all of which and herein called "the property";

TO HAVE AND TO HOLD the property unto the Government and its assigns forever in fee simple.

This is a purchase money mortgage under the lien priority laws of the Commonwealth of Pennsylvania, as amended.

BORROWER for Borrower's self, Borrower's heirs, executors, administrators, successors and assigns WARRANTS THE TITLE to the property to the Government against all lawful claims and demands whatsoever except any liens, encumbrances, easements, reservations, or conveyances specified hereinabove, and COVENANTS AND AGREES as follows:

(1)  To pay promptly when due any indebtedness to the Government hereby secured and to indemnify and save harmless the Government against any loss under its insurance of payment of the Note by reason of any default by Borrower. At all times when the Note is held by an insured holder, Borrower shall continue to make payments on the Note to the Government, as collection agent for the holder.

(2)  To pay to the Government such fees and other charges as may now or hereafter be required by regulations of the Farm Service Agency.

(3)  If required by the Government, to make additional monthly payments of 1/12 of the estimated annual taxes, assessments, insurance premiums and other charges upon the mortgaged premises.

(4)  Whether or not the Note is insured by the Government, the Government may at any time pay any other amounts including advances for payment of prior and/or junior liens, required herein to be paid by Borrower and not paid by Borrower when due, as well as any costs and expenses for the preservation, protection, or enforcement of this lien, as advances for Borrower's account. All such advances shall bear interest at the rate borne by the Note which has the highest interest rate.

(5)  All advances by the Government including advances for payment of prior and/or junior liens, in addition to any advances required by the terms of the Note, as described by this instrument, with interest shall be immediately due and payable by Borrower to the Government without demand at the place designated in the latest Note and shall be secured hereby. No such advance by the Government shall relieve Borrower from breach of Borrower's covenant to pay. Any payment made by Borrower may be applied on the Note or any indebtedness to the Government secured hereby, in any order the Governments determines.

(6)  To use the loan evidenced by the Note solely for purposes authorized by the Government.

(7)  To pay when due all taxes, liens, judgments, encumbrances, and assessments lawfully attaching to or assessed against the property, including all charges and assessments in connection with water, water rights, and water stock pertaining to or reasonably necessary to the use of the real property described above, and promptly deliver to the Government without demand receipts evidencing such payments.

(8)  To keep the property insured as required by and under insurance policies approved by the Government and, at its request, to deliver such policies to the Government.

(9)  To maintain improvements in good repair and make repairs required by the Government; operate the property in a good and husbandmanlike manner; comply with such farm conservation practices and farm and home management plans as the Government from time to time may prescribe; and not to abandon the property, or cause or permit waste, lessening or impairment of the security covered hereby, or, without the written consent of the Government, cut, remove, or lease any timber, gravel, oil, gas, coal, or other minerals except as may be necessary for ordinary domestic purposes.

(10) To comply with all laws, ordinances, and regulations affecting the property.

(11) To pay or reimburse the Government for expenses reasonably necessary or incidental to the protection of the lien and priority hereof and to the enforcement of or the compliance with the provisions hereof and of the Note and any supplementary agreement (whether before or after default), including but not limited to costs of evidence of title to and survey of the property, costs of recording this and other instruments, attorneys' fees, trustees' fees, court costs, and expenses of advertising, selling, and conveying the property.

(12) Except as otherwise provided by the Farm Service Agency regulations, neither the property nor any portion thereof or interest therein shall be leased, assigned, sold, transferred, or encumbered voluntarily or otherwise, without the written consent of the Government. The Government shall have the sole and exclusive rights as mortgagee hereunder, including but not limited to the power to grant consents, partial releases, subordinations, and satisfaction, and no insured holder shall have any right, title, or interest in, or to the lien or any benefits hereof.

(13) At all reasonable times the Government and its agents may inspect the property to ascertain whether the covenants and agreements contained herein or in any supplementary agreement are being performed.

(14) The Government may (a) adjust the interest rate, payment, terms, or balance due on the loan, (b) increase the mortgage by any amount equal to deferred interest on the outstanding principal balance, (c) extend or defer the maturity of and renew and reschedule the payments on, the debt evidenced by the note or any indebtedness to the Government secured by this instrument; (d) release any party who is liable under the Note or for the debt from liability to the Government, (e) release portions of the property and subordinate its lien, and (f) waive any other of its rights under this instrument. Any and all this can and will be done without affecting the lien or the priority of this instrument or Borrower's or any other party's liability to the Government for payment of the Note or debt secured by this instrument unless the government says otherwise in writing. HOWEVER, any forbearance by the Government--whether once or often--in exercising any right or remedy under this instrument, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.

ALL THAT CERTAIN tract or parcel of land situated on the South side of South Sandy Hill Road (T-443) and on the East side of Old Wilmington Road (SR 4001) in West Cain Township, Chester County, Pennsylvania, and being Lot No. 2 on a subdivision plan prepared for Sandy Hill Mennonite Church by Berger & Hayes, Inc., Thorndale, PA, Plan # 4649-92 dated December 1, 1992 and recorded in Chester County Subdivision Plan # 12155, and being more fully bounded and described as follows, to wit:

BEGINNING at a masonry nail set in the title line of South Sandy Hill Road, a common corner between Lot No. 1 and Lot No. 2; thence from said point of beginning along the aforementioned title line of South Sandy Hill Road, North 70 degrees 49 minutes 43 seconds East, 817.89 feet to a spike found, a corner of land belonging to Douglas Perrault; thence by the same, South 24 degrees 22 minutes 47 seconds East, 24.90 feet to a steel pin found; thence South 49 degrees 13 minutes 14 seconds East, 335.84 feet to a steel pin found; thence by the same and land of Lloyd Simmers, South 06 degrees 34 minutes 24 seconds East, 573.01 feet to a large rock located 50.7 feet southwest of a limestone; thence by the same, South 53 degrees 14 minutes 18 seconds West, 190.49 feet to a steel pin found; thence by land of Kevin Deets and Leonard Burgentine, South 55 degrees 34 minutes 03 seconds West, 794.67 feet to a steel pin set on the East side of the aforementioned Old Wilmington Road; thence along the title line of said road, North 35 degrees 18 minutes 58 seconds West, 574.87 feet to a masonry nail set, a corner of Lot No. 1; thence by Lot No. 1, passing over a steel pin set 23.92 feet from the last-described point, North 54 degrees 03 minutes 07 seconds East, 385.50 feet to a steel pin set; thence by the same, passing over a steel pin set 27.46 feet from the next-described point, North 33 degrees 45 minutes 15 seconds West, 493.90 feet to the point of Beginning.

CONTAINING IN AREA 22.4013 gross Acres, be the same more or less.

BEING PART OF THE SAME PREMISES which Henry S. Lapp and Katie M. Lapp, husband and wife, by Deed dated June 17, 1963 and recorded in the Office of the Recorder of Deeds in and for Chester County, Pennsylvania in Deed Book F, Volume 35, Page 229, granted and conveyed unto Paul B. Lapp and Lena S. Lapp, husband and wife.

(15) If at any time it shall appear to the Government that Borrower may be able to obtain a loan from a production credit associations, a Federal land bank, or other responsible cooperative or private credit source, at reasonable rates and terms for loans for similar purposes and periods of time, Borrower will upon the Government's request, apply for and accept such loan in sufficient amount to pay the Note and any indebtedness secured hereby and to pay for any stock necessary to be purchased in a cooperative lending agency in connection with such loan.

(16) Default hereunder shall constitute default under any other real estate, or under any personal property, or other security instrument held or insured by the Government and executed or assumed by Borrower, and default under any such other security instrument shall constitute default hereunder.

(17) SHOULD DEFAULT occur in the performance or discharge of any obligation in this instrument or secured by this instrument, or should the parties named as Borrower die or be declared incompetent, or should any one of the parties named as Borrower be discharged as a debtor in bankruptcy or declared insolvent or make an assignment for the benefit of creditors, the Government, at its option, with or without notice, may: (a) declare the entire amount unpaid under the Note and any indebtedness to the Government hereby secured immediately due and payable, (b) for the account of Borrower incur and pay reasonable expenses for repair or maintenance of and take possession of, operate or rent the property, (c) upon application by it and production of this instrument, without other evidence and without notice of hearing of said application, have a receiver appointed for the property, with the usual powers of receivers in like cases, (d) foreclose this instrument as provided herein or by law, and (e) enforce any and all other rights and remedies provided herein or by present or future laws.

(18) The proceeds of foreclosure sale shall be applied in the following order to the payment of: (a) costs and expenses incident to enforcing or complying with the provisions hereof, (b) any prior liens required by law or a competent court to be so paid, (c) the debt evidenced by the Note and all indebtedness to the Government secured hereby, (d) inferior liens of record required by law or a competent court to be so paid, (e) at the Government's option, any other indebtedness of Borrower owing to or insured by the Government, and (f) any balance to Borrower. At foreclosure or other sale of all or any part of the property, the Government and its agents may bid and purchase as a stranger and may pay the Government's share of the purchase price by crediting such amount on any debts of borrower owing to or insured by the Government, in the order prescribed above.

(19) Borrower agrees that the Government will not be bound by any present or future laws, (a) providing for valuation, appraisal, homestead or exemption of the property, (b) prohibiting maintenance of an action for a deficiency judgment or limiting the amount thereof or the time within which such action must be brought, (c) prescribing any other statute of limitations, or (d) limiting the conditions which the Government may by regulation impose, including the interest rate it may charge, as a condition of approving a transfer of the property to a new Borrower. Borrower expressly waives the benefit of any such State laws. Borrower hereby relinquishes, waives, and conveys all rights, inchoate or consummate, of descent.

(20) If any part of the loan for which this instrument is given shall be used to finance the purchase, construction or repair of property to be used as an owner-occupied dwelling (herein called "the dwelling") and if Borrower intends to sell or rent the dwelling and has obtained the Government's consent to do so (a) neither borrower nor anyone authorized to act for Borrower will, after receipt of a bona fide offer, refuse to negotiate for the sale or rental of the dwelling or will otherwise made unavailable or deny the dwelling to anyone because of race, color, religion, sex, national origin, handicap, familial status or age, and (b) Borrower recognizes as illegal and hereby disclaims, and will not comply with or attempt to enforce any restrictive covenants on the dwelling relating to race, color, religion, sex, national origin, handicap, familial status or age.

(21) Borrower further agrees that the loan(s) secured by this instrument will be in default should any loan proceeds be used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity, as further explained in 7 CFR Part 1940, Subpart G, Exhibit M.

(22) Upon default by Borrower as aforesaid, the Government may foreclose this instrument as authorized or permitted by the laws then existing of the jurisdiction where the property is situated and of the United States of America, on terms and conditions satisfactory to the Government, including but not limited to foreclosure by (a) statutory power of sale, or (b) advertisement and sale of the property at public auction to the highest bidder in one or more parcels at the Government's option and at the time and place and in the manner and after such notice and on terms required by statute or determined by the Government if not contrary to statute, or (c) written agreement hereafter made between Borrower and the Government.

(23) This instrument shall be subject to the present regulations of the Farm Service Agency, and to its future regulations not inconsistent with the express provisions hereof.

(24) Notices given hereunder shall be sent by certified mail, unless otherwise required by law, and addressed, unless and until some other address is designated in a notice so given, in the case of the Government to the Farm Service Agency, One Credit Union Place, Suite 320, Harrisburg, Pennsylvania 17110-2994, and in the case of Borrower to the address shown in the Farm Service Agency Finance Office records (which normally will be the same as the post office address shown above).

(25) If any provision of this instrument or application thereof to any person or circumstances is held invalid, such invalidity will not affect other provisions or applications of the instrument which can be given effect without the invalid provision or application, and to that end the provisions hereof are declared to be severable.

BK 4161 . Pg 2205

IN WITNESS WHEREOF, Borrower has hereunto set Borrower's hand(s) and seal(s) this _____ Fourth _____ day

of _____ April _____, 19 97 _____.

Signed, sealed, and delivered in the
presence of:

_____          _John F. Petersheim_____ (SEAL)
                                          John F., Petersheim

_____          _Lena Mae Petersheim_____ (SEAL)
                                          Lena Mae Petersheim

## ACKNOWLEDGEMENT

STATE OF PENNSYLVANIA

COUNTY OF _Lancaster_ _____ } ss.

On this _____ 4th _____ day of _April_ _____, 19 97 _____, before me, the undersigned, a Notary

Public in and for said State and County, personally appeared _John F. Petersheim + Lena Mae Petersheim_

known (or satisfactorily proved) to me to be the person(s) whose name(s) _____ are _____ subscribed to the within

instrument, and acknowledged to me that _____ they _____ executed the same for the purposes therein contained.

IN WITNESS WHEREOF, I hereunto set my hand and official seal.

My commission expires _____          _Barbara A. Weaver_____
                                                        Notary Public.

┌─────────────────────────────────────┐
│           Notarial Seal             │
│  Barbara A. Weaver, Notary Public   │
│    Leacock Twp., Lancaster County   │
│  My Commission Expires Nov. 15, 1999│
└─────────────────────────────────────┘

(NOTARIAL SEAL)

## RESIDENCE CERTIFICATE

I certify that the precise residence of the within-named Mortgagee is Washington, D.C.

MAIL TO:   Farm Service Agency, USDA
           559 W. Uwchlan Avenue,   Suite 130
           Lionville, PA  19341-3011

_____
                                          For Mortgagee

BK4161PG2206



*18924*

DATE: 04/10/1997   TIME: 11:24A   INST NO.:   18924

CHESTER COUNTY, PA
OFFICE OF THE RECORDER OF DEEDS

RECEIPT NO : 009458   TYPE DOC : MTG
  REC FEE     :     15.00
  LOC RTT    :      0.00
  ST RTT     :      0.00
  WRIT TAX   :      0.50
DATE: 04/10/1997   TIME: 11:24A   INST NO.:

CHESTER COUNTY, PA
OFFICE OF THE RECORDER OF DEEDS

RECEIPT NO : 009458   TYPE DOC : HOUSING
  REC FEE     :     15.00
  LOC RTT    :      0.00
  ST RTT     :      0.00
  WRIT TAX   :      0.00

RETURN TO
James & Clark LLP
54 Queen Rd
PO Box 497
Intercourse Pa
17534

BK4161PG2207

REPRODUCE LOCALLY. Include form number and date on all reproductions.

**FSA-1940-17**
(10-26-99)

U.S. DEPARTMENT OF AGRICULTURE
Farm Service Agency

**PROMISSORY NOTE**

*RESCHEDULED CONSOLIDATED A 4 4 X X*

| 8. KIND OF LOAN | | |
|---|---|---|
| Type: OL | [X] Regular | |
| | [ ] Limited Resource | |

| 1. Name | JOHN F. AND LENA MAE PETERSHEIM |
|---|---|

Pursuant to:
[X] Consolidated Farm & Rural Development Act
[ ] Emergency Agricultural Credit Adjustment Act of 1978

| 2. State | PENNSYLVANIA | 3. County | CHESTER |
|---|---|---|---|

**9. ACTION REQUIRING NOTE**

| 4. Case Number | ▓▓▓▓▓▓▓ | 5. Date | OCTOBER 11, 2002 |
|---|---|---|---|

| 6. Fund Code | 44 | 7. Loan Number | 03 |
|---|---|---|---|

| | | | |
|---|---|---|---|
| [ ] Initial loan | | [X] Rescheduling | |
| [ ] Subsequent loan | | [ ] Reamortization | |
| [ ] Consolidated & subsequent loan | | [ ] Credit sale | |
| [ ] Consolidation | | [ ] Deferred payments | |
| [ ] Conservation easement | | [ ] Debt write down | |

FOR VALUE RECEIVED, the undersigned Borrower and any cosigners jointly and severally promise to pay to the order of the United States of America, acting through the Farm Service Agency, United States Department of Agriculture, (herein called the "Government"), or its assigns, at its office in BERKS AGRICULTURE CENTER, 1238 COUNTY WELFARE ROAD, P.O. BOX 520, LEESPORT, PA 19533

_____ , or at such other place as the Government may later designate in writing, the principal sum of

FIFTY-SEVEN THOUSAND SIX HUNDRED SIXTEEN AND 97/100 ----------------------------------------------- dollars

($ 57,616.97 -------------------------------- ), plus interest on the unpaid principal balance at the RATE of

THREE AND THREE-QUARTERS --------------------------------------------- percent ( 03.7500 -- %) per annum and

ZERO ------------------------------------------------------------------ dollars ($ 0.00 -------------- )

of Noncapitalized interest. If this note is for a Limited Resource loan (indicated in the "Kind of Loan" box above) the Government may **CHANGE THE RATE OF INTEREST**, in accordance with regulations of the Farm Service Agency, not more often than quarterly, by giving the Borrower thirty (30) days prior written notice by mail to the Borrower's last known address. The new interest rate shall not exceed the highest rate established in regulations of the Farm Service Agency for the type of loan indicated above.

Principal and interest shall be paid in _FIFTEEN (15)_ installments as indicated below, except as modified by a different rate of interest, on or before the following dates:

| | | | |
|---|---|---|---|
| $ 5,093.00 --------------- on OCTOBER 11, 2003 | ; $ _____ N/A on _____ | ; |
| $ _____ N/A on _____ | ; $ _____ N/A on _____ | ; |
| $ _____ N/A on _____ | ; $ _____ N/A on _____ | ; |
| $ _____ N/A on _____ · | ; $ _____ N/A on _____ | ; |
| $ _____ N/A on _____ | ; $ _____ N/A on _____ | ; |
| $ _____ N/A on _____ | ; $ _____ N/A on _____ | ; |

and $ 5,093.00 ------------------- thereafter on OCTOBER 11TH of each YEAR _____ until the principal and interest are fully paid except that the final installment of the entire debtedness evidenced hereby, if not sooner paid, shall be due and payable FIFTEEN (15) years from the date of this note, and except that prepayments may be made as provided below. The consideration for this note shall also support any agreement modifying the foregoing schedule of payments.

If the total amount of the loan is not advanced at the time of loan closing, the loan funds shall be advanced to the Borrower as requested by Borrower and approved by the Government. Approval by the Government will be given provided the advance is requested for a purpose authorized by the Government. Interest shall accrue on the amount of each advance from its actual date as shown in the Record of Advances at the end of this note. Borrower authorized the Government to enter the amount(s) and date(s) of such advance(s) in the Record of Advances.

*Position 2*



For each rescheduled, reamortized or consolidated note for applications for Primary and Preservation Loan Service Programs received prior to November 28, 1990, interest accrued to the date of this instrument which is more than 90 days overdue shall be added to principal and such new principal shall accrue interest at the rate evidenced by this instrument. For applications for Primary and Preservation Loan Service Programs received on or after November 28, 1990, all unpaid interest accrued to the date of this instrument shall be added to the principal and such new principal shall accrue interest at the rate evidenced by this instrument.

Every payment made on any indebtedness evidenced by this note shall be applied first to a portion of any interest which accrues during the deferral period, second to accrued interest to the date of the payment on the note account and then to the principal. Nonprogram loans are not eligible for deferral.

Prepayments of scheduled installments, or any portion of these installments, may be made at any time at the option of the Borrower. Refunds and extra payments, as defined in the regulations (7 CFR § 1951.8) of the Farm Service Agency according to the source of funds involved, shall, after payment of interest, be applied to the last installments to become due under this note and shall not affect the obligation of Borrower to pay the remaining installments as scheduled in this note.

If the Government at any time assigns this note and insures the payment of it, Borrower shall continue to make payments to the Government as collection agent for the holder. While this note is held by an insured holder, prepayments made by Borrower may, at the option of the Government, be remitted by the Government to the holder promptly or, except for final payment, be retained by the Government and remitted to the holder on an installment due date basis. The effective date of every payment made by Borrower, except payments retained and remitted by the Government on an installment due date basis, shall be the date of the United States Treasury check by which the Government remits the payment to the holder. The effective date of any prepayment retained and remitted by the Government to the holder on an installment due date basis shall be the date of the prepayment by Borrower, and the Government will pay the interest to which the holder is entitled accruing between such date and the date of the Treasury check to the holder.

Any amount advanced or expended by the Government for the collection of this note or to preserve or protect any security for the loan or otherwise expended under the terms of any security agreement or other instrument executed in connection with the loan evidenced by this note, at the option of the Government shall become a part of and bear interest at the same rate as the principal of the debt evidenced by this note and be immediately due and payable by Borrower to the Government without demand.

Property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced by this note shall not be leased, assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government. Unless the Government consents otherwise in writing, Borrower will operate such property as a farm if this is a Farm Ownership loan.

If "Consolidation and subsequent loan," "Debt write down," "Consolidation," "Rescheduling," or "Reamortization" is indicated in the "Action Requiring Note" block in Item 9 above, this note is given to consolidate, reschedule or reamortize, but not in satisfaction of the unpaid principal and interest on the following described note(s) or assumption agreement(s) (new terms):

| FUND CODE/ LOAN NO. | FACE AMOUNT | INTEREST RATE | DATE (include year) | ORIGINAL BORROWER | LAST INSTALL. DUE (include year) |
|---|---|---|---|---|---|
| 44-01 | $   75,000.00 | 05.0000 % | 04/04/1997 | JOHN F. & LENA MAE PETERSHEIM | 04/04/2004 |
|  | $ | % |  |  |  |
|  | $ | % |  |  |  |
|  | $ | % |  |  |  |
|  | $ | % |  | . |  |
|  | $ | % |  |  |  |
|  | $ | % |  |  |  |

Security instruments taken in connection with the loans evidenced by these described notes and other related obligations are not affected by this consolidating, rescheduling or reamortizing. These security instruments shall continue to remain in effect and the security given for the loans evidenced by the described notes shall continue to remain as security for the loan evidenced by this note, and for any other related obligations.

**REFINANCING (GRADUATION) AGREEMENT:** If at any time it shall appear to the Government that the Borrower may be able to obtain financing from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and period of time, Borrower will, at the Government's request, apply for and accept a loan(s) in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock. The provisions of this paragraph do not apply if the loan represented by this promissory note was made to the Borrower as a non-program loan.

The U.S. Department of Agriculture (USDA) prohibits discrimination in all its programs and activities on the basis of race, color, national origin, gender, religion, age, disability, political beliefs, sexual orientation, and marital or family status. (Not all prohibited bases apply to all programs.) Persons with disabilities who require alternative means for communication of program information (Braille, large print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (voice and TDD). To file a complaint of discrimination, write USDA, Director, Office of Civil Rights, Room 326-W, Whitten Building, 1400 Independence Avenue, SW, Washington, D.C. 20250-9410 or call (202) 720-5964 (voice or TDD). USDA is an equal opportunity provider and employer

**FSA-1940-17** (10-26-99)

**HIGHLY ERODIBLE LAND AND WETLAND CONSERVATION AGREEMENT:** Borrower recognizes that the loan described in this note will be in default should any loan proceeds be used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as further explained in 7 CFR Part 1940, Subpart G, Exhibit M. If (1) the term of the loan exceeds January 1, 1990, but not January 1, 1995, and (2) Borrower intends to produce an agricultural commodity on highly erodible land that is exempt from the restrictions of Exhibit M until either January 1, 1990, or two years after the Natural Resources Conservation Service (NRCS) has completed a soil survey for the Borrower's land, whichever is later, the Borrower further agrees that, prior to the loss of the exemption from the highly erodible land conservation restrictions found in 7 CFR Part 12, Borrower must demonstrate that Borrower is actively applying on that land which has been determined to be highly erodible, a conservation plan approved by the NRCS or the appropriate conservation district in accordance with NRCS's requirements. Furthermore, if the term of the loan exceeds January 1, 1995, Borrower further agrees that Borrower must demonstrate prior to January 1, 1995, that any production of an agricultural commodity on highly erodible land after that date will be done in compliance with a conservation system approved by NRCS or the appropriate conservation district in accordance with NRCS's requirements.

**DEFAULT:** Failure to pay when due any debt evidenced by this note or perform any covenant or agreement under this note shall constitute default under this and any other instrument evidencing a debt of Borrower owing to, insured or Guaranteed by the Government or securing or otherwise relating to such debt; and default under any such other instrument shall constitute default under this note. **UPON ANY SUCH DEFAULT,** the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

This Note is given as evidence of a loan to Borrower made or insured by the Government pursuant to the Consolidated Farm and Rural Development Act, or the Emergency Agricultural Credit Adjustment Act of 1978 and for the type of loan as indicated in the "Kind of Loan" block above. This Note shall be subject to the present regulations of the Farm Service Agency and to its future regulations not inconsistent with the express provisions of this note.

Presentment, protest, and notice are waived.

(SEAL)

*John F. Petersheim*

JOHN F. PETERSHEIM                                              *(Borrower)*

*Lena Mae Petersheim*

LENA MAE PETERSHEIM

350 SOUTH SANDY HILL ROAD

COATESVILLE, PA 19320

### RECORD OF ADVANCES

| AMOUNT | DATE | AMOUNT | DATE | AMOUNT | DATE |
|--------|------|--------|------|--------|------|
| $ |  | $ |  | $ |  |
| $ |  | $ |  | $ |  |
| $ |  | $ |  | $ |  |
| $ |  | $ |  | $ |  |
|  |  |  | **TOTAL** | $ |  |

REPRODUCE LOCALLY. Include form number and date on all reproductions.

**FSA-1940-17**
(10-26-99)

U.S. DEPARTMENT OF AGRICULTURE
Farm Service Agency

**PROMISSORY NOTE**

*RESCHEDULED CONSOLIDATED AA*

| 8. KIND OF LOAN | |
|---|---|
| Type: __OL__ | ☐ Regular |
| | ☒ Limited Resource |
| Pursuant to: | |
| ☒ Consolidated Farm & Rural Development Act | |
| ☐ Emergency Agricultural Credit Adjustment Act of 1978 | |

| 1. Name |
|---|
| JOHN F. AND LENA MAE PETERSHEIM |

| 2. State | 3. County |
|---|---|
| PENNSYLVANIA | CHESTER |

| 4. Case Number | 5. Date |
|---|---|
| ████████ | OCTOBER 11, 2002 |

| 6. Fund Code | 7. Loan Number |
|---|---|
| 44 | 02 |

| 9. ACTION REQUIRING NOTE | | |
|---|---|---|
| ☐ Initial loan | | ☐ Rescheduling |
| ☒ Subsequent loan | | ☐ Reamortization |
| ☐ Consolidated & subsequent loan | | ☐ Credit sale |
| ☐ Consolidation | | ☐ Deferred payments |
| ☐ Conservation easement | | ☐ Debt write down |

FOR VALUE RECEIVED, the undersigned Borrower and any cosigners jointly and severally promise to pay to the order of the United States of America, acting through the Farm Service Agency, United States Department of Agriculture, (herein called the "Government"), or its assigns, at its office in _BERKS AGRICULTURE CENTER, 1238 COUNTY WELFARE ROAD, P.O. BOX 520, LEESPORT, PA 19533_

_____, or at such other place as the Government may later designate in writing, the principal sum of

FIFTY-SIX THOUSAND AND 00/100 -------------------------------------------------------------- dollars

($_56,000.00 ------------------------------------ ), plus interest on the unpaid principal balance at the **RATE** of

FIVE ---------------------------------------------------------------- percent ( _05.0000 --_ %) per annum and

ZERO ---------------------------------------------------------------- dollars ($_0.00 ---------------- )

of Noncapitalized interest. If this note is for a Limited Resource loan (indicated in the "Kind of Loan" box above) the Government may **CHANGE THE RATE OF INTEREST**, in accordance with regulations of the Farm Service Agency, not more often than quarterly, by giving the Borrower thirty (30) days prior written notice by mail to the Borrower's last known address. The new interest rate shall not exceed the highest rate established in regulations of the Farm Service Agency for the type of loan indicated above.

Principal and interest shall be paid in _SEVEN (7)_ installments as indicated below, except as modified by a different rate of interest, on or before the following dates:

$_9,678.00 --------------_ on _OCTOBER 11, 2003_ ; $_____ _N/A_ on _____ ;

$_____ _N/A_ on _____ ; $_____ _N/A_ on _____ ;

$_____ _N/A_ on _____ ; $_____ _N/A_ on _____ ;

$_____ _N/A_ on _____ ; $_____ _N/A_ on _____ ;

$_____ _N/A_ on _____ ; $_____ _N/A_ on _____ ;

$_____ _N/A_ on _____ ; $_____ _N/A_ on _____ ;

and $_9,678.00 --------------------_ thereafter on _OCTOBER 11TH_ of each _YEAR_ until the principal and interest are fully paid except that the final installment of the entire debtedness evidenced hereby, if not sooner paid, shall be due and payable _SEVEN (7)_ years from the date of this note, and except that prepayments may be made as provided below. The consideration for this note shall also support any agreement modifying the foregoing schedule of payments.

If the total amount of the loan is not advanced at the time of loan closing, the loan funds shall be advanced to the Borrower as requested by Borrower and approved by the Government. Approval by the Government will be given provided the advance is requested for a purpose authorized by the Government. Interest shall accrue on the amount of each advance from its actual date as shown in the Record of Advances at the end of this note. Borrower authorized the Government to enter the amount(s) and date(s) of such advance(s) in the Record of Advances.

*Position 2*



**FSA-1940-17** (10-26-99)

For each rescheduled, reamortized or consolidated note for applications for Primary and Preservation Loan Service Programs received prior to November 28, 1990, interest accrued to the date of this instrument which is more than 90 days overdue shall be added to principal and such new principal shall accrue interest at the rate evidenced by this instrument. For applications for Primary and Preservation Loan Service Programs received on or after November 28, 1990, all unpaid interest accrued to the date of this instrument shall be added to the principal and such new principal shall accrue interest at the rate evidenced by this instrument.

Every payment made on any indebtedness evidenced by this note shall be applied first to a portion of any interest which accrues during the deferral period, second to accrued interest to the date of the payment on the note account and then to the principal. Nonprogram loans are not eligible for deferral.

Prepayments of scheduled installments, or any portion of these installments, may be made at any time at the option of the Borrower. Refunds and extra payments, as defined in the regulations (7 CFR § 1951.8) of the Farm Service Agency according to the source of funds involved, shall, after payment of interest, be applied to the last installments to become due under this note and shall not affect the obligation of Borrower to pay the remaining installments as scheduled in this note.

If the Government at any time assigns this note and insures the payment of it, Borrower shall continue to make payments to the Government as collection agent for the holder. While this note is held by an insured holder, prepayments made by Borrower may, at the option of the Government, be remitted by the Government to the holder promptly or, except for final payment, be retained by the Government and remitted to the holder on an installment due date basis. The effective date of every payment made by Borrower, except payments retained and remitted by the Government on an installment due date basis, shall be the date of the United States Treasury check by which the Government remits the payment to the holder. The effective date of any prepayment retained and remitted by the Government to the holder on an installment due date basis shall be the date of the prepayment by Borrower, and the Government will pay the interest to which the holder is entitled accruing between such date and the date of the Treasury check to the holder.

Any amount advanced or expended by the Government for the collection of this note or to preserve or protect any security for the loan or otherwise expended under the terms of any security agreement or other instrument executed in connection with the loan evidenced by this note, at the option of the Government shall become a part of and bear interest at the same rate as the principal of the debt evidenced by this note and be immediately due and payable by Borrower to the Government without demand.

Property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced by this note shall not be leased, assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government. Unless the Government consents otherwise in writing, Borrower will operate such property as a farm if this is a Farm Ownership loan.

If "Consolidation and subsequent loan," "Debt write down," "Consolidation," "Rescheduling," or "Reamortization" is indicated in the "Action Requiring Note" block in Item 9 above, this note is given to consolidate, reschedule or reamortize, but not in satisfaction of the unpaid principal and interest on the following described note(s) or assumption agreement(s) (new terms):

| FUND CODE/ LOAN NO. | FACE AMOUNT | INTEREST RATE | DATE (include year) | ORIGINAL BORROWER | LAST INSTALL. DUE (include year) |
|---|---|---|---|---|---|
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |

Security instruments taken in connection with the loans evidenced by these described notes and other related obligations are not affected by this consolidating, rescheduling or reamortizing. These security instruments shall continue to remain in effect and the security given for the loans evidenced by the described notes shall continue to remain as security for the loan evidenced by this note, and for any other related obligations.

**REFINANCING (GRADUATION) AGREEMENT:** If at any time it shall appear to the Government that the Borrower may be able to obtain financing from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and period of time, Borrower will, at the Government's request, apply for and accept a loan(s) in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock. The provisions of this paragraph do not apply if the loan represented by this promissory note was made to the Borrower as a non-program loan.

The U.S. Department of Agriculture (USDA) prohibits discrimination in all its programs and activities on the basis of race, color, national origin, gender, religion, age, disability, political beliefs, sexual orientation, and marital or family status. (Not all prohibited bases apply to all programs.) Persons with disabilities who require alternative means for communication of program information (Braille, large print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (voice and TDD). To file a complaint of discrimination, write USDA, Director, Office of Civil Rights, Room 326-W, Whitten Building, 1400 Independence Avenue, SW, Washington, D.C. 20250-9410 or call (202) 720-5964 (voice or TDD). USDA is an equal opportunity provider and employer.

**FSA-1940-17** (10-26-99)                                                                                      Page 3 of 3

HIGHLY ERODIBLE LAND AND WETLAND CONSERVATION AGREEMENT: Borrower recognizes that the loan described in this note will be in default should any loan proceeds be used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as further explained in 7 CFR Part 1940, Subpart G, Exhibit M. If (1) the term of the loan exceeds January 1, 1990, but not January 1, 1995, and (2) Borrower intends to produce an agricultural commodity on highly erodible land that is exempt from the restrictions of Exhibit M until either January 1, 1990, or two years after the Natural Resources Conservation Service (NRCS) has completed a soil survey for the Borrower's land, whichever is later, the Borrower further agrees that, prior to the loss of the exemption from the highly erodible land conservation restrictions found in 7 CFR Part 12, Borrower must demonstrate that Borrower is actively applying on that land which has been determined to be highly erodible, a conservation plan approved by the NRCS or the appropriate conservation district in accordance with NRCS's requirements. Furthermore, if the term of the loan exceeds January 1, 1995, Borrower further agrees that Borrower must demonstrate prior to January 1, 1995, that any production of an agricultural commodity on highly erodible land after that date will be done in compliance with a conservation system approved by NRCS or the appropriate conservation district in accordance with NRCS's requirements.

DEFAULT: Failure to pay when due any debt evidenced by this note or perform any covenant of agreement under this note shall constitute default under this and any other instrument evidencing a debt of Borrower owing to, insured or Guaranteed by the Government or securing or otherwise relating to such debt; and default under any such other instrument shall constitute default under this note. UPON ANY SUCH DEFAULT, the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

This Note is given as evidence of a loan to Borrower made or insured by the Government pursuant to the Consolidated Farm and Rural Development Act, or the Emergency Agricultural Credit Adjustment Act of 1978 and for the type of loan as indicated in the "Kind of Loan" block above. This Note shall be subject to the present regulations of the Farm Service Agency and to its future regulations not inconsistent with the express provisions of this note.

Presentment, protest, and notice are waived.

(SEAL)

_____
JOHN F. PETERSHEIM                        (Borrower)

_____
LENA MAE PETERSHEIM

350 SOUTH SANDY HILL ROAD

COATESVILLE, PA 19320

### RECORD OF ADVANCES

| AMOUNT | DATE | AMOUNT | DATE | AMOUNT | DATE |
|---|---|---|---|---|---|
| $ 56,000.00 | 9/11/2002 | $ | | $ | |
| $ | | $ | | $ | |
| $ | | $ | | $ | |
| $ | | $ | | $ | |
| | | | TOTAL | $ 56,000.00 | |



FSA 1927-1M
(12-05-01)

Position 5
**UNITED STATES DEPARTMENT OF AGRICULTURE**
Farm Service Agency

RECORDER OF DEEDS

MORTGAGE FOR PENNSYLVANIA

THIS MORTGAGE ("instrument") is made on __October 11th__, 20 _02_. The mortgagor is _____
__John F. and Lena Mae Petersheim_____
_____ ("Borrower") whose mailing address is 350 South Sandy Hill Road, Coatesville,_____
__Pennsylvania   19320_____. This instrument is given to the United States of America, acting

through the Farm Service Agency, United States Department of Agriculture ("Government") located at Berks Agriculture Center, 1238 County,
Welfare Road, P.O. Box 520, Leesport, Pennsylvania 19533,

This instrument secures the following promissory notes, assumption agreements, and/or shared appreciation agreements (collectively called "note"),
which have been executed or assumed by the Borrower unless otherwise noted, are payable to the Government, and authorize acceleration of the
entire debt upon any default:

| Date of Instrument | Principal Amount | Annual Rate of Interest | Due Date of Final Installment |
|---|---|---|---|
| October 11, 2002 | $56,000.00 | 05.0000% | October 11, 2009 |

(The interest rate for any limited resource farm ownership or limited resource operating loans secured by this instrument may be increased as
provided in Government regulations and the note.)

By execution of this instrument, Borrower acknowledges receipt of all of the proceeds of the loan or loans evidenced by the above note.

This instrument secures to the Government: (1) payment of the note and all extensions, renewals, and modifications thereof; (2) recapture of any
amount due under any Shared Appreciation Agreement entered into pursuant to 7 U.S.C. § 2001; (3) payment of all advances and expenditures, with
interest, made by the Government; and (4) the obligations and covenants of Borrower set forth in this instrument, the note, and any other loan
agreements.

In consideration of any loan made by the Government under the Consolidated Farm and Rural Development Act, 7 U.S.C. § 1921 et seq. as
evidenced by the note, Borrower irrevocably mortgages, grants and conveys to Government the following described property situated in the
State of Pennsylvania, County or Counties of _____Chester_____ :

See attached Exhibit A for legal description.

together with all rights (including the rights to mining products, gravel, oil, gas, coal or other minerals), interests, easements, fixtures, hereditaments,
appurtenances, and improvements now or later attached thereto, the rents, issues and profits thereof, revenues and income therefrom, all water, water
rights, and water stock pertaining thereto, and all payments at any time owing to Borrower by virtue of any sale, lease, transfer, or condemnation of
any part thereof or interest therein (collectively called "the property"). This instrument constitutes a security agreement and financing statement
under the Uniform Commercial Code and creates a security interest in all items which may be deemed to be personal property, including but not
limited to proceeds and accessions, that are now or hereafter included in, affixed, or attached to "the property."

Borrower COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to mortgage, grant and convey the property
and that the property is unencumbered, except for encumbrances of record. Borrower warrants and will defend the title to the property against all
claims and demands, subject to any encumbrances of record.

This instrument combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a
uniform mortgage covering real property.

This Document Recorded
10/25/2002
10:41AM
Doc Code: MTG Chester County, Recorder of Deeds Office

Doc Id: 10143435
Receipt #: 67789
Rec Fee: 40.50

Initial_____ date



10143435
Page 1 of 5
B-5433 P-263

HARTMAN UNDERHILL & BRUBAKER LLP    10/25/2002 10:41A

FSA 1927-1M (12-05-01) Page 1 of 5

EXHIBIT E

UNIFORM COVENANTS. Borrower COVENANTS AND AGREES as follows:

1. **Payment.** Borrower shall pay promptly when due any indebtedness to the Government secured by this instrument.
2. **Fees.** Borrower shall pay to the Government such fees and other charges that may now or later be required by Government regulations.
3. **Application of payments.** Unless applicable law or Government's regulations provide otherwise all payments received by the Government shall be applied in the following order of priority: (a) to advances made under this instrument; (b) to accrued interest due under the note; (c) to principal due under the note; (d) to late charges and other fees and charges.
4. **Taxes, liens, etc.** Borrower shall pay when due all taxes; liens, judgments, encumbrances, and assessments lawfully attaching to or assessed against the property and promptly deliver to the Government without demand receipts evidencing such payments.
5. **Assignment.** Borrower grants and assigns as additional security all the right, title and interest in: (a) the proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or taking by eminent domain or otherwise of any part of the property, or for conveyance in lieu of condemnation; (b) all bonuses, rentals, royalties, damages, delay rentals and income that may be due or become due and payable to the Borrower or Borrower's assigns under any existing or future oil, gas, mining or mineral lease covering any portion of the property; and (c) all rents, issues, profits, income and receipts from the property and from all existing or future leases, subleases, licenses, guaranties and any other agreements for the use and occupancy of any portion of the property, including any extensions, renewals, modifications or substitutions of such agreements. Borrower warrants the validity and enforceability of this assignment.

Borrower authorizes and directs payment of such money to the Government until the debt secured by this instrument is paid in full. Such money may, at the option of the Government, be applied on the debt whether due or not. The Government shall not be obligated to collect such money, but shall be responsible only for amounts received by the Government. In the event any item so assigned is determined to be personal property, this instrument will also be regarded as a security agreement.

Borrower will promptly provide the Government with copies of all existing and future leases. Borrower warrants that as of the date of executing this instrument no default exists under existing leases. Borrower agrees to maintain, and to require the tenants to comply with, the leases and any applicable law. Borrower will obtain the Government's written authorization before Borrower consents to sublet, modify, cancel, or otherwise alter the leases, or to assign, compromise, or encumber the leases or any future rents. Borrower will hold the Government harmless and indemnify the Government for any and all liability, loss or damage that the Government may incur as a consequence of this assignment.

6. **Insurance.** Borrower shall keep the property insured as required by and under insurance policies approved by the Government and, at its request, deliver such policies to the Government. If property is located in a designated flood hazard area, Borrower also shall keep property insured as required by 42 U.S.C. § 4001 et seq. and Government regulations. All insurance policies and renewals shall include a standard mortgagee clause.

7. **Advances by Government.** The Government may at any time pay any other amounts required by this instrument to be paid by Borrower and not paid by Borrower when due, as well as any cost for the preservation, protection, or enforcement of this lien, as advances for the account of Borrower. Advances shall include, but not be limited to, advances for payments of real property taxes, special assessments, prior liens, hazard insurance premiums, and costs of repair, maintenance, and improvements. All such advances shall bear interest at the same rate as the note which has the highest interest rate. All such advances, with interest, shall be immediately due and payable by Borrower to the Government without demand. No such advance by the Government shall relieve Borrower from breach of Borrower's covenant to pay. Any payment made by Borrower may be applied on the note or any secured debt to the Government, in any order the Government determines.

8. **Protection of lien.** Borrower shall pay or reimburse the Government for expenses reasonably necessary or incidental to the protection of the lien and its priority and the enforcement or compliance with this instrument and the note. Such expenses include, but are not limited to: costs of evidence of title to, and survey of, the property, costs of recording this and other instruments; attorneys' fees, trustees' fees; court costs, and expenses of advertising, selling, and conveying the property.

9. **Authorized purposes.** Borrower shall use the loan evidenced by the note solely for purposes authorized by the Government.

10. **Repair and operation of property.** Borrower shall: (a) maintain improvements in good repair; (b) make repairs required by the Government; (c) comply with all farm conservation practices and farm management plans required by the Government; and (d) operate the property in a good and husbandlike manner. Borrower shall not (e) abandon the property; (f) cause or permit waste, lessening or impairment of the property; or (g) cut, remove, or lease any timber, gravel, oil, gas, coal, or other minerals without the written consent of the Government, except as necessary for ordinary domestic purposes.

11. **Legal compliance.** Borrower shall comply with all laws, ordinances, and regulations affecting the property.

12. **Transfer or encumbrance of property.** Except as provided by Government regulations, the Borrower shall not lease, assign, sell, transfer, or encumber, voluntarily or otherwise, any of the property without the written consent of the Government. The Government may grant consents, partial releases, subordinations, and satisfactions in accordance with Government regulations.

13. **Inspection.** At all reasonable times the Government may inspect the property to ascertain whether the covenants and agreements contained in this instrument are being performed.

14. **Hazardous substances.** Borrower shall not cause or permit the presence, use, disposal, storage, or release of any hazardous substances on or in the property. The preceding sentence shall not apply to the presence, use, or storage on the property of small quantities of hazardous substances that are generally recognized to be appropriate to normal use and maintenance of the property. Borrower covenants that Borrower has made full disclosure of any such known, existing hazardous conditions affecting the property. Borrower shall not do, nor allow anyone else to do, anything affecting the property that is in violation of any federal, state, or local environmental law or regulation. Borrower shall promptly give the Government written notice of any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the property and any hazardous substance or environmental law or regulation of which Borrower has actual knowledge. If Borrower

Initial _____ date _____

learns, or is notified by any governmental or regulatory authority, that any removal or other remediation of any hazardous substance affecting the property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with applicable environmental law and regulations. As used in this paragraph, "hazardous substances" are those substances defined as toxic or hazardous substances by environmental law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials. As used in this paragraph, "environmental law" means Federal laws and regulations and laws and regulations of the jurisdiction where the property is located that relate to health, safety or environmental protection.

15.  **Adjustment; release; waiver; forbearance.**  In accordance with Government regulations, the Government may  (a) adjust the interest rate, payment, terms or balance due on the loan,  (b) increase the mortgage by an amount equal to deferred interest on the outstanding principal balance,  (c) extend or defer the maturity of, and renew and reschedule the payments on the note,  (d) release any party who is liable under the note from liability to the Government,  (e) release portions of the property and subordinate its lien, and  (f) waive any other of its rights under this instrument. Any and all of this can and will be done without affecting the lien or the priority of this instrument or Borrower's liability to the Government for payment of the note secured by this instrument unless the Government provides otherwise in writing. HOWEVER, any forbearance by the Government - whether once or often - in exercising any right or remedy under this instrument, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.

16.  **Graduation.**  If the Government determines that Borrower may be able to obtain a loan from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and periods of time, Borrower will, upon the Government's request, apply for and accept such a loan in sufficient amount to pay the note secured by this instrument and to pay for stock necessary to be purchased in a cooperative lending agency in connection with such loan.

17.  **Forfeiture.**  Borrower shall be in default if any forfeiture action or proceeding, whether civil or criminal, is begun that in the Government's good faith judgment could result in forfeiture of the property or otherwise materially impair the lien created by this instrument or the Government's security interest. Borrower may cure such default by causing the action or proceeding to be dismissed with a ruling that precludes forfeiture of the Borrower's interest in the property or other material impairment of the lien created by this security instrument or the Government's security interest.

18.  **False statement.**  Borrower also shall be in default if Borrower, during the loan application process, gave materially false or inaccurate information or statements to the Government (or failed to provide the Government with any material information) in connection with the loan evidenced by the note.

19.  **Cross Collateralization.**  Default under this instrument shall constitute default under any other security instrument held by the Government and executed or assumed by Borrower. Default under any other such security instrument shall constitute default under this instrument.

20.  **Highly erodible land; wetlands.**  Any loan secured by this instrument will be in default if Borrower uses any loan proceeds for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as provided in 7 C.F.R. part 1940, subpart G, or any successor Government regulation.

21.  **Non-discrimination.**  If any part of the loan for which this instrument is given shall be used to finance the purchase, construction or repair of property to be used as an owner-occupied dwelling (herein called "the dwelling") and if Borrower intends to sell or rent the dwelling and has obtained the Government's consent to do so  (a) neither Borrower nor anyone authorized to act for Borrower will, after receipt of a bona fide offer, refuse to negotiate for the sale or rental of the dwelling or will otherwise make unavailable or deny the dwelling to anyone because of race, color, religion, sex, national origin, disability, familial status or age, and  (b) Borrower recognizes as illegal and hereby disclaims, and will not comply with or attempt to enforce any restrictive covenants on the dwelling relating to race, color, religion, sex, national origin, disability, familial status or age.

22.  **Notices.**  Notices given under this instrument shall be sent by certified mail unless otherwise required by law.  Such notices shall be addressed, unless and until some other address is designated in a notice, in the case of the Government to the State Executive Director of the Farm Service Agency at the mailing address shown above, and in the case of Borrower at the address shown in the Government's Finance Office records (which normally will be the same as the mailing address shown above).

23.  **Governing law; severability.**  This instrument shall be governed by Federal law. If any provision of this instrument or the note or its application to any person or circumstances is held invalid, such invalidity shall not affect other provisions or applications of this instrument or the note which can be given effect without the invalid provision or application. The provisions of this instrument are severable. This instrument shall be subject to the present regulations of the Government, and to its future regulations not inconsistent with the express provisions hereof. All powers and agencies granted in this instrument are coupled with an interest and are irrevocable by death or otherwise; and the rights and remedies provided in this instrument are cumulative to remedies provided by law.

24.  **Successors and assigns; joint and several covenants.**  The covenants and agreements of this instrument shall bind and benefit the successors and assigns of Government and Borrower. Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this instrument but does not execute the Note:  (a) is co-signing this instrument only to mortgage, grant and convey that Borrower's interest in the property under this instrument;  (b) is not personally obligated to pay the sums secured by this instrument; and  (c) agrees that the Government and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the terms of this instrument or the note without that Borrower's consent.

25.  **No merger.**  If this instrument is on a leasehold, Borrower shall comply with all the provisions of the lease. If Borrower acquires fee title to the property, the leasehold and the fee title shall not merge unless the Government agrees to the merger in writing. If the property is conveyed to the Government, title shall not merge (unless the Government elects otherwise) and the lien provided under this instrument shall not be affected by such conveyance.

26.  **Time is of the essence.**  Time is of the essence in the Borrower's performance of all duties and obligations under this instrument.



10143435
Page 3 of 5
B-5433 P-263

HARTMAN UNDERHILL & BRUBAKER LLP    10/25/2002 10:41A

NON-UNIFORM COVENANTS. Borrower further COVENANTS AND AGREES as follows:

27. **Default; death; incompetence; bankruptcy.** Should default occur in the performance or discharge of any obligation in this instrument or secured by this instrument, or should the Borrower die or be declared incompetent, or should the Borrower be discharged in bankruptcy or declared an insolvent or make an assignment for the benefit of creditors, the Government, at its option, with or without notice, may: (a) declare the entire amount unpaid under the note and any debt to the Government hereby secured immediately due and payable, (b) for the account of Borrower incur and pay reasonable expenses for repair or maintenance of, and take possession of, operate or rent the property, (c) upon application by it and production of this instrument, without other evidence and without notice of hearing of said application, have a receiver appointed for the property, with the usual powers of receivers in like cases, (d) foreclose this instrument and sell the property as prescribed by law; and (e) enforce any and all other rights and remedies provided herein or by present or future law.

28. **State law.** Borrower agrees that the Government will not be bound by any present or future State laws, (a) providing for valuation, appraisal, homestead or exemption of the property, (b) prohibiting maintenance of any action for a deficiency judgment or limiting the amount thereof or the time within which such action must be brought, (c) prescribing any other statute of limitations, (d) allowing any right of redemption or possession following any foreclosure sale, or (e) limiting the conditions which the Government may by regulation impose, including the interest it may charge, as a condition of approving a transfer of the property to a new Borrower. Borrower expressly waives the benefit of any such State laws.

29. **Assignment of leases and rents.** Borrower agrees that the assignment of leases and rents in this instrument is immediately effective on the recording of this instrument. Upon default, the Borrower will receive any rents in trust for the Government, and Borrower will not commingle the rents with any other funds. Any amounts collected shall be applied at the Government's discretion first to costs of managing, protecting and preserving the property, and to any other necessary related expenses. Any remaining amounts shall be applied to reduce the debt evidenced by the note(s). Borrower agrees that the Government may demand that Borrower and Borrower's tenants pay all rents due or to become due directly to the Government if the Borrower defaults and the Government notifies Borrower of the default. Upon such notice, Borrower will endorse and deliver to the Government any payments of rents. If the Borrower becomes subject to a bankruptcy, then Borrower agrees that the Government is entitled to receive relief from the automatic stay in bankruptcy for the purpose of enforcing this assignment.

30. **Application of foreclosure proceeds.** The proceeds of foreclosure sale shall be applied in the following order to the payment of: (a) costs and expenses incident to enforcing or complying with this instrument, (b) any prior liens required by law or a competent court to be so paid, (c) the debt evidenced by the note and all other debt to the Government secured by this instrument, (d) inferior liens of record required by law or a competent court to be so paid, (e) at the Government's option, any other debt of Borrower to the Government, and (f) any balance to Borrower. If the Government is the successful bidder at foreclosure or other sale of all or any part of the property, the Government may pay its share of the purchase price by crediting such amount on any debts of Borrower owing to the Government in the order prescribed above.

By signing below, Borrower accepts and agrees to the terms and covenants contained in this instrument and in any rider executed by Borrower and recorded with this instrument.

_____ (SEAL)

_____ (SEAL)

_____ (SEAL)
JOHN F. PETERSHEIM

_____ (SEAL)
LENA MAE PETERSHEIM

ACKNOWLEDGMENTS

STATE OF   PENNSYLVANIA        )                    (Individual)
COUNTY OF _Lancaster___ ) ss.

On this ___11th___ day of ___October 2002___, before me personally appeared _John F. and Lena Mae Petersheim_
_____ to be known to me to be the same whose name is subscribed to the foregoing
instrument, and acknowledged that (he or she) signed and delivered the instruments as (his or her) free and voluntary act, for the uses and purposes
set forth.

My commission expires:

Notarial Seal
Christine D. Wilson, Notary Public
Lancaster, Lancaster County
My Commission Expires June 23, 2003

_____
NOTARY PUBLIC

*Note: Page 5 of 5 applies to entities only and will not be recorded for individuals.*



ALL THAT CERTAIN tract or parcel of land situated on the South side of South Sandy Hill Road (T-443) and on the East side of Old Wilmington Road (SR 4001) in West Caln Township, Chester County, Pennsylvania, and being Lot No. 2 on a subdivision plan prepared for Sandy Hill Mennonite Church by Berger & Hayes, Inc., Thorndale, PA, Plan # 4649-92 dated December 1, 1992 and recorded in Chester County Subdivision Plan # 12155, and being more fully bounded and described as follows, to wit:

BEGINNING at a masonry nail set in the title line of South Sandy Hill Road, a common corner between Lot No. 1 and Lot No. 2; thence from said point of beginning along the aforementioned title line of South Sandy Hill Road, North 70 degrees 49 minutes 43 seconds East, 817.89 feet to a spike found, a corner of land belonging to Douglas Perrault; thence by the same, South 24 degrees 22 minutes 47 seconds East, 24.90 feet to a steel pin found; thence South 49 degrees 13 minutes 14 seconds East, 335.84 feet to a steel pin found; thence by the same and land of Lloyd Simmers, South 06 degrees 34 minutes 24 seconds East, 573.01 feet to a large rock located 50.7 feet southwest of a limestone; thence by the same, South 53 degrees 14 minutes 18 seconds West, 190.49 feet to a steel pin found; thence by land of Kevin Doets and Leonard Burgentine, South 55 degrees 34 minutes 03 seconds West, 794.67 feet to a steel pin set on the East side of the aforementioned Old Wilmington Road; thence along the title line of said road, North 35 degrees 18 minutes 58 seconds West, 574.87 feet to a masonry nail set, a corner of Lot No. 1; thence by Lot No. 1, passing over a steel pin set 23.92 feet from the last-described point, North 54 degrees 03 minutes 07 seconds East, 385.50 feet to a steel pin set; thence by the same, passing over a steel pin set 27.46 feet from the next-described point, North 33 degrees 45 minutes 15 seconds West, 493.90 feet to the point of Beginning.

CONTAINING IN AREA 22.4013 gross Acres, be the same more or less.

BEING PART OF THE SAME PREMISES which Henry S. Lapp and Katie M. Lapp, husband and wife, by Deed dated June 17, 1963 and recorded in the Office of the Recorder of Deeds in and for Chester County, Pennsylvania in Deed Book F, Volume 35, Page 229, granted and conveyed unto Paul B. Lapp and Lena S. Lapp, husband and wife.

Tax Map  28-8-14 /

REPRODUCE LOCALLY. Include form number and date on all reproductions.

**FSA-1940-17**
(10-28-99)

U.S. DEPARTMENT OF AGRICULTURE
Farm Service Agency

## PROMISSORY NOTE

| 1. Name | |
|---|---|
| JOHN F. AND LENA MAE PETERSHEIM | |

| 2. State | 3. County |
|---|---|
| PENNSYLVANIA | CHESTER |

| 4. Case Number | 5. Date |
|---|---|
| | FEBRUARY 4, 2004 |

| 6. Fund Code | 7. Loan Number |
|---|---|
| 44 | 04 |

**8. KIND OF LOAN**

Type: OL    [X] Regular

[ ] Limited Resource

Pursuant to:

[X] Consolidated Farm & Rural Development Act

[ ] Emergency Agricultural Credit Adjustment Act of 1978

**9. ACTION REQUIRING NOTE**

| | | | |
|---|---|---|---|
| [ ] | Initial loan | [X] | Rescheduling |
| | Subsequent loan | [ ] | Reamortization |
| [X] | Consolidated & subsequent loan | [ ] | Credit sale |
| [ ] | Consolidation | [ ] | Deferred payments |
| [ ] | Conservation easement | [ ] | Debt write-down |

FOR VALUE RECEIVED, the undersigned Borrower and any cosigners jointly and severally promise to pay to the order of the United States of America, acting through the Farm Service Agency, United States Department of Agriculture, (herein called the "Government"), or its assigns, at its office in BERKS AG. CENTER, 1238 COUNTY WELFARE ROAD, P.O. BOX 520, LEESPORT, PENNSYLVANIA 19533

BERKS COUNTY _____, or at such other place as the Government may later designate in writing, the principal sum of

ONE HUNDRED FIFTEEN THOUSAND NINETY - NINE AND 44/100 --------------------------------------------------------- dollars

($ 115,099.44 ----------------------------------------), plus interest on the unpaid principal balance at the RATE of

THREE AND FIVE - EIGHTS ------------------------------------------ percent ( 03.6250 --- %) per annum and

ZERO ------------------------------------------------------------------- dollars ($ 0.00 ---------------- )

of Noncapitalized interest. If this note is for a Limited Resource loan (indicated in the "Kind of Loan" box above) the Government may CHANGE THE RATE OF INTEREST, in accordance with regulations of the Farm Service Agency, not more often than quarterly, by giving the Borrower thirty (30) days prior written notice by mail to the Borrower's last known address. The new interest rate shall not exceed the highest rate established in regulations of the Farm Service Agency for the type of loan indicated above.

Principal and interest shall be paid in ___FIFTEEN (15)___ installments as indicated below, except as modified by a different rate of interest, on or before the following dates:

| | | |
|---|---|---|
| $ 10,083.00 ------------- on FEBRUARY 4, 2005 | ; $ N/A on | ; |
| $ N/A on | ; $ N/A on | ; |
| $ N/A on | ; $ N/A on | ; |
| $ N/A on | ; $ N/A on | ; |
| $ N/A on | ; $ N/A on | ; |
| $ N/A on | ; $ N/A on | ; |

and $ 10,083.00 ------------------- thereafter on FEBRUARY 4TH of each YEAR until the principal and interest are fully paid except that the final installment of the entire debtedness evidenced hereby, if not sooner paid, shall be due and payable FIFTEEN (15) years from the date of this note, and except that prepayments may be made as provided below. The consideration for this note shall also support any agreement modifying the foregoing schedule of payments.

If the total amount of the loan is not advanced at the time of loan closing, the loan funds shall be advanced to the Borrower as requested by Borrower and approved by the Government. Approval by the Government will be given provided the advance is requested for a purpose authorized by the Government. Interest shall accrue on the amount of each advance from its actual date as shown in the Record of Advances at the end of this note. Borrower authorized the Government to enter the amount(s) and date(s) of such advance(s) in the Record of Advances.

*Position 2*



For each rescheduled, reamortized or consolidated note for applications for Primary and Preservation Loan Service Programs received prior to November 28, 1990, interest accrued to the date of this instrument which is more than 90 days overdue shall be added to principal and such new principal shall accrue interest at the rate evidenced by this instrument. For applications for Primary and Preservation Loan Service Programs received on or after November 28, 1990, all unpaid interest accrued to the date of this instrument shall be added to the principal and such new principal shall accrue interest at the rate evidenced by this instrument.

Every payment made on any indebtedness evidenced by this note shall be applied first to a portion of any interest which accrues during the deferral period, second to accrued interest to the date of the payment on the note account and then to the principal. Nonprogram loans are not eligible for deferral.

Prepayments of scheduled installments, or any portion of these installments, may be made at any time at the option of the Borrower. Refunds and extra payments, as defined in the regulations (7 CFR § 1951.8) of the Farm Service Agency according to the source of funds involved, shall, after payment of interest, be applied to the last installments to become due under this note and shall not affect the obligation of Borrower to pay the remaining installments as scheduled in this note.

If the Government at any time assigns this note and insures the payment of it, Borrower shall continue to make payments to the Government as collection agent for the holder. While this note is held by an insured holder, prepayments made by Borrower may, at the option of the Government, be remitted by the Government to the holder promptly or, except for final payment, be retained by the Government and remitted to the holder on an installment due date basis. The effective date of every payment made by Borrower, except payments retained and remitted by the Government on an installment due date basis, shall be the date of the United States Treasury check by which the Government remits the payment to the holder. The effective date of any prepayment retained and remitted by the Government to the holder on an installment due date basis shall be the date of the prepayment by Borrower, and the Government will pay the interest to which the holder is entitled accruing between such date and the date of the Treasury check to the holder.

Any amount advanced or expended by the Government for the collection of this note or to preserve or protect any security for the loan or otherwise expended under the terms of any security agreement or other instrument executed in connection with the loan evidenced by this note, at the option of the Government shall become a part of and bear interest at the same rate as the principal of the debt evidenced by this note and be immediately due and payable by Borrower to the Government without demand.

Property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced by this note shall not be leased, assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government. Unless the Government consents otherwise in writing, Borrower will operate such property as a farm if this is a Farm Ownership loan.

If "Consolidation and subsequent loan," "Debt write down," "Consolidation," "Rescheduling," or "Reamortization" is indicated in the "Action Requiring Note" block in Item 9 above, this note is given to consolidate, reschedule or reamortize, but not in satisfaction of the unpaid principal and interest on the following described note(s) or assumption agreement(s) (new terms):

| FUND CODE/ LOAN NO. | FACE AMOUNT | INTEREST RATE | DATE (Include year) | ORIGINAL BORROWER | LAST INSTALL. DUE (Include year) |
|---|---|---|---|---|---|
| 44-02 | $ 56,000.00 | 03.7500 % | 10/11/2002 | JOHN AND LENA PETERSHEIM | 10/11/2009 |
| 44-03 | $ 57,616.97 | 03.7500 % | 10/11/2002 | JOHN AND LENA PETERSHEIM | 10/11/2009 |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |

Security instruments taken in connection with the loans evidenced by these described notes and other related obligations are not affected by this consolidating, rescheduling or reamortizing. These security instruments shall continue to remain in effect and the security given for the loans evidenced by the described notes shall continue to remain as security for the loan evidenced by this note, and for any other related obligations.

**REFINANCING (GRADUATION) AGREEMENT:** If at any time it shall appear to the Government that the Borrower may be able to obtain financing from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and period of time, Borrower will, at the Government's request, apply for and accept a loan(s) in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock. The provisions of this paragraph do not apply if the loan represented by this promissory note was made to the Borrower as a non-program loan.

The U.S. Department of Agriculture (USDA) prohibits discrimination in all its programs and activities on the basis of race, color, national origin, gender, religion, age, disability, political beliefs, sexual orientation, and marital or family status. (Not all prohibited bases apply to all programs.) Persons with disabilities who require alternative means for communication of program information (Braille, large print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (voice and TDD). To file a complaint of discrimination, write USDA, Director, Office of Civil Rights, Room 326-W, Whitten Building, 1400 Independence Avenue, SW, Washington, D.C. 20250-9410 or call (202) 720-5964 (voice or TDD). USDA is an equal opportunity provider and employer.

**FSA-1940-17** (10-26-99)                                                                                                    Page 3 of 3

**HIGHLY ERODIBLE LAND AND WETLAND CONSERVATION AGREEMENT:** Borrower recognizes that the loan described in this note will be in default should any loan proceeds be used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as further explained in 7 CFR Part 1940, Subpart G, Exhibit M. If (1) the term of the loan exceeds January 1, 1990, but not January 1, 1995, and (2) Borrower intends to produce an agricultural commodity on highly erodible land that is exempt from the restrictions of Exhibit M until either January 1, 1990, or two years after the Natural Resources Conservation Service (NRCS) has completed a soil survey for the Borrower's land, whichever is later, the Borrower further agrees that, prior to the loss of the exemption from the highly erodible land conservation restrictions found in 7 CFR Part 12, Borrower must demonstrate that Borrower is actively applying on that land which has been determined to be highly erodible, a conservation plan approved by the NRCS or the appropriate conservation district in accordance with NRCS's requirements. Furthermore, if the term of the loan exceeds January 1, 1995, Borrower further agrees that Borrower must demonstrate prior to January 1, 1995, that any production of an agricultural commodity on highly erodible land after that date will be done in compliance with a conservation system approved by NRCS or the appropriate conservation district in accordance with NRCS's requirements.

**DEFAULT:** Failure to pay when due any debt evidenced by this note or perform any covenant or agreement under this note shall constitute default under this and any other instrument evidencing a debt of Borrower owing to, insured or Guaranteed by the Government or securing or otherwise relating to such debt; and default under any such other instrument shall constitute default under this note. **UPON ANY SUCH DEFAULT,** the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

This Note is given as evidence of a loan to Borrower made or insured by the Government pursuant to the Consolidated Farm and Rural Development Act, or the Emergency Agricultural Credit Adjustment Act of 1978 and for the type of loan as indicated in the "Kind of Loan" block above. This Note shall be subject to the present regulations of the Farm Service Agency and to its future regulations not inconsistent with the express provisions of this note.

Presentment, protest, and notice are waived.

(SEAL)

_John F Petersheim_
JOHN F. PETERSHEIM                                            (Borrower)

_Lena Mae Petersheim_
LENA MAE PETERSHEIM

350 SOUTH SANDY HILL ROAD

COATESVILLE, PA 19320

**RECORD OF ADVANCES**

| AMOUNT | DATE | AMOUNT | DATE | AMOUNT | DATE |
|--------|------|--------|------|--------|------|
| $ | | $ | | $ | |
| $ | | $ | | $ | |
| $ | | $ | | $ | |
| $ | | $ | | $ | |
| | | | **TOTAL** | $ | |

REPRODUCE LOCALLY. Include form number and date on all reproductions.

**FSA-1940-17**
(10-26-99)

U.S. DEPARTMENT OF AGRICULTURE
Farm Service Agency

**PROMISSORY NOTE**

| 8. KIND OF LOAN | | |
|---|---|---|
| Type:  OL | [X] | Regular |
| | [ ] | Limited Resource |
| Pursuant to: | | |
| [X] Consolidated Farm & Rural Development Act | | |
| [ ] Emergency Agricultural Credit Adjustment Act of 1978 | | |

**9. ACTION REQUIRING NOTE**

| | | | |
|---|---|---|---|
| [ ] Initial loan | | [X] | Rescheduling |
| [ ] Subsequent loan | | [ ] | Reamortization |
| [ ] Consolidated & subsequent loan | | [ ] | Credit sale |
| [ ] Consolidation | | [ ] | Deferred payments |
| [ ] Conservation easement | | [ ] | Debt write down |

1. Name
JOHN F. AND LENA MAE PETERSHEIM

2. State
PENNSYLVANIA

3. County
CHESTER

4. Case Number
███████████

5. Date
SEPTEMBR 19,2005

6. Fund Code
44

7. Loan Number
05

FOR VALUE RECEIVED, the undersigned Borrower and any cosigners jointly and severally promise to pay to the order of the United States of America, acting through the Farm Service Agency, United States Department of Agriculture, (herein called the "Government"), or its assigns, at its office in USDA, FARM SERVICE AGENCY, 1238 COUNTY WELFARE ROAD, P.O. BOX 520, LEESPORT, PA 19533

BERKS COUNTY _____ , or at such other place as the Government may later designate in writing, the principal sum of

ONE HUNDRED TWENTY-ONE EIGHT HUNDRED SIXTY-SIX AND 65/100 ------------------------------------------ dollars

($ 121,866.65----------------------------------- ), plus interest on the unpaid principal balance at the RATE of

FOUR AND THREE EIGHTS-------------------------------------------- percent ( 04.375---- %) per annum and

ZERO------------------------------------------------------------------- dollars ($ 0.00---------------- )

of Noncapitalized interest. If this note is for a Limited Resource loan (indicated in the "Kind of Loan" box above) the Government may **CHANGE THE RATE OF INTEREST**, in accordance with regulations of the Farm Service Agency, not more often than quarterly, by giving the Borrower thirty (30) days prior written notice by mail to the Borrower's last known address. The new interest rate shall not exceed the highest rate established in regulations of the Farm Service Agency for the type of loan indicated above.

Principal and interest shall be paid in FIFTEEN (15) installments as indicated below, except as modified by a different rate of interest, on or before the following dates:

$ .11,251:.00-------------- on SEPTEMBER 19, 2006  ; $ _____ N/A on _____ ;

$ _____ N/A on _____  ; $ _____ N/A on _____ ;

$ _____ N/A on _____  ; $ _____ N/A on _____ ;

$ _____ N/A on _____  ; $ _____ N/A on _____ ;

$ _____ N/A on _____  ; $ _____ N/A on _____ ;

$ _____ N/A on _____  ; $ _____ N/A on _____ ;

and $ 11,251.00-------------------- thereafter on SEPTEMBER 19TH of each YEAR until the principal and interest are fully paid except that the final installment of the entire debtedness evidenced hereby, if not sooner paid, shall be due and payable _____ years from the date of this note, and except that prepayments may be made as provided below. The consideration for this note shall also support any agreement modifying the foregoing schedule of payments.

If the total amount of the loan is not advanced at the time of loan closing, the loan funds shall be advanced to the Borrower as requested by Borrower and approved by the Government. Approval by the Government will be given provided the advance is requested for a purpose authorized by the Government. Interest shall accrue on the amount of each advance from its actual date as shown in the Record of Advances at the end of this note. Borrower authorized the Government to enter the amount(s) and date(s) of such advance(s) in the Record of Advances.

*Position 2*

**EXHIBIT G**

FSA-1940-17 (10-26-99)                                                                                        Page 2 of 3

For each rescheduled, reamortized or consolidated note for applications for Primary and Preservation Loan Service Programs received prior to November 28, 1990, interest accrued to the date of this instrument which is more than 90 days overdue shall be added to principal and such new principal shall accrue interest at the rate evidenced by this instrument. For applications for Primary and Preservation Loan Service Programs received on or after November 28, 1990, all unpaid interest accrued to the date of this instrument shall be added to the principal and such new principal shall accrue interest at the rate evidenced by this instrument.

Every payment made on any indebtedness evidenced by this note shall be applied first to a portion of any interest which accrues during the deferral period, second to accrued interest to the date of the payment on the note account and then to the principal. Nonprogram loans are not eligible for deferral.

Prepayments of scheduled installments, or any portion of these installments, may be made at any time at the option of the Borrower. Refunds and extra payments, as defined in the regulations (7 CFR § 1951.8) of the Farm Service Agency according to the source of funds involved, shall, after payment of interest, be applied to the last installments to become due under this note and shall not affect the obligation of Borrower to pay the remaining installments as scheduled in this note.

If the Government at any time assigns this note and insures the payment of it, Borrower shall continue to make payments to the Government as collection agent for the holder. While this note is held by an insured holder, prepayments made by Borrower may, at the option of the Government, be remitted by the Government to the holder promptly or, except for final payment, be retained by the Government and remitted to the holder on an installment due date basis. The effective date of every payment made by Borrower, except payments retained and remitted by the Government on an installment due date basis, shall be the date of the United States Treasury check by which the Government remits the payment to the holder. The effective date of any prepayment retained and remitted by the Government to the holder on an installment due date basis shall be the date of the prepayment by Borrower, and the Government will pay the interest to which the holder is entitled accruing between such date and the date of the Treasury check to the holder.

Any amount advanced or expended by the Government for the collection of this note or to preserve or protect any security for the loan or otherwise expended under the terms of any security agreement or other instrument executed in connection with the loan evidenced by this note, at the option of the Government shall become a part of and bear interest at the same rate as the principal of the debt evidenced by this note and be immediately due and payable by Borrower to the Government without demand.

Property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced by this note shall not be leased, assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government. Unless the Government consents otherwise in writing, Borrower will operate such property as a farm if this is a Farm Ownership loan.

If "Consolidation and subsequent loan," "Debt write down," "Consolidation," "Rescheduling," or "Reamortization" is indicated in the "Action Requiring Note" block in Item 9 above, this note is given to consolidate, reschedule or reamortize, but not in satisfaction of the unpaid principal and interest on the following described note(s) or assumption agreement(s) (new terms):

| FUND CODE/ LOAN NO. | FACE AMOUNT | INTEREST RATE | DATE (include year) | ORIGINAL BORROWER | LAST INSTALL. DUE (include year) |
|---|---|---|---|---|---|
| 44-04 | $ 115,099.44 | 03.6250 % | 2/04/04 | JOHN AND LENA MAE PETERSHEIM | 02/04/2020 |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |
| | $ | % | | | |

Security instruments taken in connection with the loans evidenced by these described notes and other related obligations are not affected by this consolidating, rescheduling or reamortizing. These security instruments shall continue to remain in effect and the security given for the loans evidenced by the described notes shall continue to remain as security for the loan evidenced by this note, and for any other related obligations.

REFINANCING (GRADUATION) AGREEMENT: If at any time it shall appear to the Government that the Borrower may be able to obtain financing from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and period of time, Borrower will, at the Government's request, apply for and accept a loan(s) in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock. The provisions of this paragraph do not apply if the loan represented by this promissory note was made to the Borrower as a non-program loan.

This U.S. Department of Agriculture (USDA) prohibits discrimination in all its programs and activities on the basis of race, color, national origin, gender, religion, age, disability, political beliefs, sexual orientation, and marital or family status. (Not all prohibited bases apply to all programs.) Persons with disabilities who require alternative means for communication of program information (Braille, large print, audiotape, etc.) should contact USDA's TARGET Center at (202) 720-2600 (voice and TDD). To file a complaint of discrimination, write USDA, Director, Office of Civil Rights, Room 326-W, Whitten Building, 1400 Independence Avenue, SW, Washington, D.C. 20250-9410 or call (202) 720-5964 (voice or TDD). USDA is an equal opportunity provider and employer.

FSA-1940-17 (10-26-99)                                                      Page 3 of 3

**HIGHLY ERODIBLE LAND AND WETLAND CONSERVATION AGREEMENT:** Borrower recognizes that the loan described in this note will be in default should any loan proceeds be used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as further explained in 7 CFR Part 1940, Subpart G, Exhibit M. If (1) the term of the loan exceeds January 1, 1990, but not January 1, 1995, and (2) Borrower intends to produce an agricultural commodity on highly erodible land that is exempt from the restrictions of Exhibit M until either January 1, 1990, or two years after the Natural Resources Conservation Service (NRCS) has completed a soil survey for the Borrower's land, whichever is later, the Borrower further agrees that, prior to the loss of the exemption from the highly erodible land conservation restrictions found in 7 CFR Part 12, Borrower must demonstrate that Borrower is actively applying on that land which has been determined to be highly erodible, a conservation plan approved by the NRCS or the appropriate conservation district in accordance with NRCS's requirements. Furthermore, if the term of the loan exceeds January 1, 1995, Borrower further agrees that Borrower must demonstrate prior to January 1, 1995, that any production of an agricultural commodity on highly erodible land after that date will be done in compliance with a conservation system approved by NRCS or the appropriate conservation district in accordance with NRCS's requirements.

**DEFAULT:** Failure to pay when due any debt evidenced by this note or perform any covenant of agreement under this note shall constitute default under this and any other instrument evidencing a debt of Borrower owing to, insured or Guaranteed by the Government or securing or otherwise relating to such debt; and default under any such other instrument shall constitute default under this note. **UPON ANY SUCH DEFAULT,** the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

This Note is given as evidence of a loan to Borrower made or insured by the Government pursuant to the Consolidated Farm and Rural Development Act, or the Emergency Agricultural Credit Adjustment Act of 1978 and for the type of loan as indicated in the "Kind of Loan" block above. This Note shall be subject to the present regulations of the Farm Service Agency and to its future regulations not inconsistent with the express provisions of this note.

Presentment, protest, and notice are waived.

(SEAL)

JOHN F. PETERSHEIM                                          (Borrower)

LENA MAE PETERSHEIM

350 SOUTH SANDY HILL RD
COATESVILLE, PA  19320

**RECORD OF ADVANCES**

| AMOUNT | DATE | AMOUNT | DATE | AMOUNT | DATE |
|--------|------|--------|------|--------|------|
| $ |  | $ |  | $ |  |
| $ |  | $ |  | $ |  |
| $ |  | $ |  | $ |  |
| $ |  | $ |  | $ |  |
|  |  |  | TOTAL | $ |  |

Form RD 440-9
(Rev. 11-02)

UNITED STATES DEPARTMENT OF AGRICULTURE
RURAL DEVELOPMENT
FARM SERVICE AGENCY

OMB Control No. 0560-0158

| STATE PENNA. |
| COUNTY CHESTER |
| CASE NO. |
| DATE SEPTEMBER 19, 2005 |

**SUPPLEMENTARY PAYMENT
AGREEMENT**

*Position 2*

TYPE OF LOAN

☐ FO   ☐ SW   ☒ OL

☐ FO-NFE ☐ RL   ☐ EM

☐ RH   ☐ OTHER _____
                              *(SPECIFY)*

The undersigned (hereinafter called the "Borrower") being indebted for a loan made or insured by the United States of America, through the United States Department of Agriculture (hereafter called the "Government") as evidenced by a note or other debt instrument, (hereafter called the "notes"), dated ___SEPT. 19TH___, ___2005___ , _____ , _____ , _____ , _____ , _____ , _____ , _____ , _____ , _____ , and desiring to provide for payment of such indebtedness by a supplementary plan of payments, hereby agrees with the Government, for good and valuable consideration, receipt of which is hereby acknowledged, as follows:

1.  THE BORROWER WILL PAY ALL OR PART OF THE INSTALLMENTS OF PRINCIPAL AND INTEREST ON THE NOTES BY MAKING PARTIAL PAYMENTS EACH MONTH AS FOLLOWS:

    (a) FOR THE REMAINDER OF THIS CALENDAR YEAR, BEGINNING ___OCT___ ___2006___

      $ ___2814.00___ FOR ___THREE (3)___ MONTHS. ___(month)___ ___(year)___
         *(amount per month)*      *(number)*

    (b) DURING EACH YEAR FOR THE REMAINDER OF THE TERM OF THE NOTE, BEGINNING JANUARY ___2006___ :
                                                                                        *(year)*

| JANUARY ...... | $ 938.00 | MAY ......... | $ 938.00 | SEPTEMBER ... | $ 938.00 |
| FEBRUARY ..... | $ 938.00 | JUNE ........ | 938.00 | OCTOBER ..... | 938.00 |
| MARCH ........ | $ 938.00 | JULY ........ | 938.00 | NOVEMBER .... | 938.00 |
| APRIL ......... | $ 938.00 | AUGUST .... | 938.00 | DECEMBER .... | 938.00 |

EACH PAYMENT SHOWN ABOVE SHALL BE MADE ON OR BEFORE THE ___19TH___ DAY OF THE RESPECTIVE MONTH INDICATED, AND ANY REMAINING UNPAID PORTION OF THE YEARLY PAYMENT SHALL BE MADE ON OR BEFORE THE ANNUAL INSTALLMENT DUE DATE SHOWN IN THE NOTES.

2.  Nothing herein shall be construed as affecting any of the terms or conditions of the notes or the instrument securing them, other than the payment schedule set forth in the notes,

3.  Upon DEFAULT by the Borrower in any of the terms or conditions of this agreement, the Government at its option may declare the entire indebtedness of the notes immediately due and payable.

4.  This agreement may be canceled or amended at any time by mutual agreement in writing between the Borrower and the Government.

    However, if the total indebtedness of the Borrower to the Government is increased because of money advanced pursuant to the terms of the notes, mortgages, deeds of trust, or security agreements or because of a reduction in the amount of interest credit or payment assistance allowed the Borrower under the provisions of the Housing Act of 1949, as amended, this agreement will be modified by the Government to increase the monthly payments of the Borrower in an amount sufficient to pay the entire indebtedness on or before the due date shown in the notes.

| Make Check or Money Order payable to USDA, FARM SERVICE AGENCY and Mail or Deliver your payment to 1238 COUNTY WELFARE ROAD, P.O. BOX 520 | *John F Ritenhaw* _____ *(Borrower)* |
| *Street Address or P.O. Box* | *Lena Ritenhus* _____ *(Co-borrower)* |
| LEESPORT, PENNSYLVANIA 19533 | |
| *Town*    *State* PENNA.   *Zip Code* | |

*According to the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number. The valid OMB control number for this information collection is 0560-0158. The time required to complete this information collection is estimated to average 15 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information.*

 **United States Department of Agriculture**

 **Farm Service Agency**

**Chester/Delaware Co. FSA Office**
**601 Westtown Road, Suite 280**
**West Chester, PA 19380-0990**

CERTIFIED MAIL RETURN
RECEIPT REQUEST
<Receipt No. 7009 2250 0004 2097 8825>

Date: February 12, 2010

John F. Petersheim
350 S. Sandy Hill Road
Coatesville, PA 19320

**SUBJECT:**   **NOTICE OF ACCELERATION OF YOUR DEBT TO THE FARM SERVICE AGENCY (FSA) AND DEMAND FOR PAYMENT OF THAT DEBT**

Dear Mr. Petersheim:

PLEASE NOTE that the entire indebtedness due on the promissory notes and/or assumption agreements which evidence the loans received by you from the United States of America, acting through the Farm Service Agency (FSA), United States Department of Agriculture, is now declared immediately due and payable. They are described as follows:

| Debt Instrument | Date of Instrument | Original Amount |
|---|---|---|
| Promissory Note | 04/04/1997 | $75,000.00. Note was rescheduled on 10/11/02 in a new Note amount of $57,616.97. |
| Promissory Note | 10/11/2002 | $56,000.00. This Note was rescheduled and consolidated with the above Promissory Note on 02/04/04 into a new Note in the amount of $115,099.44. This Note was then rescheduled on 09/19/05 in a new Note amount of $121,866.65 with a Supplementary Payment Agreement allowing the borrower to make partial payments each month of Principal and Interest for each year for the remainder of the term of the Note. |

The promissory notes or assumption agreements are secured by real estate mortgages, deeds of trust, security agreement and financing statements, etc., described and perfected as follows:

| Security Instrument | Date | Recording Office | Recording Information |
|---|---|---|---|
| PA Real Estate Mortgage | 04/04/1997 | Chester Co. Recorder | Book 4161/Page 2202 |
| PA Real Estate Mortgage | 10/11/2002 | Chester Co. Recorder | Book 5433/Page 263 |
| UCC Financing Statement | 04/10/1997 | Chester Co. Prothonotary | File No. ST97-1053 |
| UCC Financing Statement | 03/15/2002 | Commonwealth of PA | File No. 36020779 |
| UCC Financing Statement | 03/09/2007 | Commonwealth of PA | File No. 2007031204120 |

This acceleration of your indebtedness is made in accordance with the authority granted in the above-described instruments.

The reason(s) for the acceleration of your indebtedness is/are as follows:

      1.     Failure to make payments of Principal and Interest in accordance with the terms of the Promissory Notes.

The indebtedness due is $ <u>110,113.49</u> unpaid principal, and $ <u>4,071.03</u> unpaid interest, <u>as of January 22, 2010</u>, plus additional interest accruing at the rate of $ <u>13.1985</u> per day thereafter, plus any advances made by the United States for the protection of its security and interest accruing on any such advances and any shared appreciation. Unless full payment of your indebtedness is received made by one of the methods described below within 30 days from the date of this letter, the United States will foreclose the above described security instruments and pursue any other available remedies.

Full payment may be made in any of the following ways:

(A)    CASH

Payment should be made by cashier's check, certified check, or postal money order payable to the Farm Service Agency and delivered to the Farm Loan Manager of the Farm Service Agency at <u>1238 County Welfare Road, Suite 240, Leesport, PA 19533-9710</u>. The office phone number is (610) 478-7158. If you submit to the United States any payment insufficient to pay the account in full or insufficient to comply with any arrangements agreed to between the Farm Service Agency and yourself, that payment <u>WILL NOT CANCEL</u> the effect of this notice. If such insufficient payments are received and credited to your account, no waiver or prejudice of any rights which the United States may have for breach of any promissory note or covenant in the security instruments will result and the Farm Service Agency may proceed as though no such payment had been made.

(B)    TRANSFER AND ASSUMPTION

You may transfer the collateral for your loans to someone who is willing and able to assume the debt. Contact the Farm Loan Manager immediately if you are interested in this.

(C)    SALE

You may sell the collateral for your loans for its market value and send the proceeds to FSA or to other creditors with liens prior to FSA's lien. Contact the Farm Loan Manager immediately if you are interested in this.

(D)    VOLUNTARY CONVEYANCE

You may convey all of your collateral to the Government. Contact the Farm Loan Manager immediately if you are interested in this.

If you have not been advised of your rights to request deferral of payments or other servicing options, you should contact the Farm Loan Manager at the above mentioned address within <u>15 days</u> of the receipt of this notice.

If you fail to comply with the requirements outlined in this notice within the next <u>30 days</u>, the United States plans to proceed with foreclosure/liquidation.

YOU DO NOT HAVE ANY RIGHT TO APPEAL THIS DECISION TO ACCELERATE YOUR FSA DEBTS.

*UNITED STATES OF AMERICA*

*BY:* _____

JUDITH NOYALAS
District Director
Farm Service Agency
United States
Department of Agriculture

 **United States Department of Agriculture**

 **Farm Service Agency**

**Chester/Delaware Co. FSA Office
601 Westtown Road, Suite 280
West Chester, PA  19380-0990**

CERTIFIED MAIL RETURN
RECEIPT REQUEST

<Receipt No.  7009 2250 0004 2097 8832

Date:  February 12, 2010

Lena Mae Petersheim
350 S. Sandy Hill Road
Coatesville, PA  19320

**SUBJECT:   NOTICE OF ACCELERATION OF YOUR DEBT TO THE FARM SERVICE
AGENCY (FSA) AND DEMAND FOR PAYMENT OF THAT DEBT**

Dear Mrs. Petersheim:

PLEASE NOTE that the entire indebtedness due on the promissory notes and/or assumption agreements
which evidence the loans received by you from the United States of America, acting through the Farm
Service Agency (FSA), United States Department of Agriculture, is now declared immediately due and
payable. They are described as follows:

| Debt Instrument | Date of Instrument | Original Amount |
|---|---|---|
| Promissory Note | 04/04/1997 | $75,000.00.  Note was rescheduled on 10/11/02 in a new Note amount of $57,616.97. |
| Promissory Note | 10/11/2002 | $56,000.00.  This Note was rescheduled and consolidated with the above Promissory Note on 02/04/04 into a new Note in the amount of $115,099.44.  This Note was then rescheduled on 09/19/05 in a new Note amount of $121,866.65 with a Supplementary Payment Agreement allowing the borrower to make partial payments each month of Principal and Interest for each year for the remainder of the term of the Note. |

The promissory notes or assumption agreements are secured by real estate mortgages, deeds of trust, security
agreement and financing statements, etc., described and perfected as follows:

| Security Instrument | Date | Recording Office | Recording Information |
|---|---|---|---|
| PA Real Estate Mortgage | 04/04/1997 | Chester Co. Recorder | Book 4161/Page 2202 |
| PA Real Estate Mortgage | 10/11/2002 | Chester Co. Recorder | Book 5433/Page 263 |
| UCC Financing Statement | 04/10/1997 | Chester Co. Prothonotary | File No. ST97-1053 |
| UCC Financing Statement | 03/15/2002 | Commonwealth of PA | File No. 36020779 |
| UCC Financing Statement | 03/09/2007 | Commonwealth of PA | File No. 2007031204120 |

This acceleration of your indebtedness is made in accordance with the authority granted in the above-described instruments.

The reason(s) for the acceleration of your indebtedness is/are as follows:

1.   Failure to make payments of Principal and Interest in accordance with the terms of the Promissory Notes.

The indebtedness due is $ 110,113.49 unpaid principal, and $ 4,071.03 unpaid interest, as of January 22, 2010, plus additional interest accruing at the rate of $ 13.1985 per day thereafter, plus any advances made by the United States for the protection of its security and interest accruing on any such advances and any shared appreciation. Unless full payment of your indebtedness is received made by one of the methods described below within 30 days from the date of this letter, the United States will foreclose the above described security instruments and pursue any other available remedies.

Full payment may be made in any of the following ways:

(A)   CASH

Payment should be made by cashier's check, certified check, or postal money order payable to the Farm Service Agency and delivered to the Farm Loan Manager of the Farm Service Agency at 1238 County Welfare Road, Suite 240, Leesport, PA 19533-9710. The office phone number is (610) 478-7158. If you submit to the United States any payment insufficient to pay the account in full or insufficient to comply with any arrangements agreed to between the Farm Service Agency and yourself, that payment WILL NOT CANCEL the effect of this notice. If such insufficient payments are received and credited to your account, no waiver or prejudice of any rights which the United States may have for breach of any promissory note or covenant in the security instruments will result and the Farm Service Agency may proceed as though no such payment had been made.

(B)   TRANSFER AND ASSUMPTION

You may transfer the collateral for your loans to someone who is willing and able to assume the debt. Contact the Farm Loan Manager immediately if you are interested in this.

(C)   SALE

You may sell the collateral for your loans for its market value and send the proceeds to FSA or to other creditors with liens prior to FSA's lien. Contact the Farm Loan Manager immediately if you are interested in this.

(D)   VOLUNTARY CONVEYANCE

You may convey all of your collateral to the Government. Contact the Farm Loan Manager immediately if you are interested in this.

If you have not been advised of your rights to request deferral of payments or other servicing options, you should contact the Farm Loan Manager at the above mentioned address within <u>15 days</u> of the receipt of this notice.

If you fail to comply with the requirements outlined in this notice within the next <u>30 days</u>, the United States plans to proceed with foreclosure/liquidation.

YOU DO NOT HAVE ANY RIGHT TO APPEAL THIS DECISION TO ACCELERATE YOUR FSA DEBTS.

*UNITED STATES OF AMERICA*

BY: _____

JUDITH NOYALAS
District Director
Farm Service Agency
United States
Department of Agriculture

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

John F. Peterstein
350 S. Sandy Hill Rd.
Coatesville, PA 1320

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____  ☐ Agent
                           ☐ Addressee

B. Received by (Printed Name)     C. Date of Delivery
                                  2/13/10

D. Is delivery address different from item 1?  ☑ Yes
   If YES, enter delivery address below:       ☐ No

3. Service Type
   ☑ Certified Mail      ☐ Express Mail
   ☐ Registered          ☐ Return Receipt for Merchandise
   ☐ Insured Mail        ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)            ☐ Yes

2. Article Number
   (Transfer from service label)     7009 2250 0004 2097 8825

PS Form 3811, February 2004     Domestic Return Receipt     102595-02-M-1540

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Leni Mae Peterstein
350 S. Sandy Hill Rd.
Coatesville, PA 1320

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____  ☐ Agent
                           ☐ Addressee

B. Received by (Printed Name)     C. Date of Delivery
                                  2/13/10

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

3. Service Type
   ☑ Certified Mail      ☐ Express Mail
   ☐ Registered          ☑ Return Receipt for Merchandise
   ☐ Insured Mail        ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)            ☐ Yes

2. Article Number
   (Transfer from service label)     7009 2250 0004 2097 8832

PS Form 3811, February 2004     Domestic Return Receipt     102595-02-M-1540

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

UNITED STATES OF AMERICA,

                Petitioner

     v.

JOHN F. PETERSHEIM
and  LENA MAE PETERSHEIM
             Respondent

**CERTIFICATE OF INDEBTEDNESS**
**DECLARATION OF DAVID W. POORBAUGH**

David W. Poorbaugh, Farm Loan Chief – Pennsylvania State Office, Farm Service Agency, United States Department of Agriculture, hereby declares and says that:

1.    I am the Farm Loan Chief for the Pennsylvania State Office of the Farm Service Agency ("FSA"), United States Department of Agriculture ("USDA") and in that capacity supervise certain farm loans made by FSA pursuant to the Consolidated Farm and Rural Development Act, 7 U.S.C. § 1921 *et seq*.

2.    In such capacity, I have knowledge of pertinent facts in the above-captioned matter.

3.    The defendant in the above-captioned matter has defaulted on the loans more fully identified in the Complaint because of failure to make payments as they were due.

4.    FSA accelerated the defendant's loans on February 12, 2010, after offering the defendant the opportunity to apply for various loan servicing options that are provided in FSA's regulations at 7 C.F.R. Part 1951-S (now 7 C.F.R. Part 766).

# EXHIBIT "I"

5.    I have searched FSA's records and have knowledge of the amounts due for

principal, interest and other payments due under the terms of the loans more fully identified in

the Complaint.  The following are the pay-off amounts as of March 7, 2019:

| No. | Loan Amount | Date of Loan | UnPaid Prin. | UnPaid Interest | D/A | Total |
|---|---|---|---|---|---|---|
| 44-05 | $   11,753.16 | 09/19/2005 | $       .00 | $    13.18 | $   .0000 | $       13.18 |
| 44-06 | $   89,469.00 | 12/01/2012 | $ 71,522.28 | $ 7,046.90 | $ 8.5729 | $ 78,569.18 |
| 44-92 | $     8,768.38 | 02/15/2019 | $   8,768.38 | $    21.02 | $ 1.0510 | $   8,789.40 |
| 44-93 | $     1,600.00 | 01/30/2019 | $   1,600.00 | $      6.91 | $ 0.1918 | $   1,606.91 |
| 44-94 | $   49,238.42 | 12/21/2018 | $ 49,238.42 | $  448.55 | $ 5.9019 | $ 49,686.97 |
| 44-95 | $        15.00 | 11/21/2018 | $      15.00 | $      0.19 | $ 0.0018 | $       15.19 |
| 44-97 | $        84.00 | 12/28/2016 | $      84.00 | $      8.05 | $   .0101 | $       92.05 |
| | | | | **TOTAL** | $15.7295 | $138,772.88 |

Based on the above:

The total balance due is $138,772.88

The principal balance due is:  $131,228.08

The current interest balance due is:  $ 7,544.80

The daily interest, after March 7, 2019 is $15.7295

The last voluntary payment made on the defendant's account was $2,231.94, made on
12/05/2016.

Pursuant to 28 U.S.C. § 1746, I declare, under penalty of perjury, that the foregoing is

true and correct to the best of my knowledge and ability.  Further, I am duly authorized by the

United States Department of Agriculture to make this declaration.

Executed   March 7, 2019

DAVID W. POORBAUGH

Farm Loan Chief, Pennsylvania State Office
Farm Service Agency
U.S. Department of Agriculture

JS 44 (Rev 06/17)

GAM

# CIVIL COVER SHEET

19-CV-2614

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| The United States of America | John F Petersheim 350 S Sandy Hill Rd Coatesville, PA 19320<br>Lena M. Petersheim a/k/a Lena Mae Petersheim 350 S Sandy Hill Rd Coatesville, PA 19320 |
| **(b)** County of Residence of First Listed Plaintiff _____<br>*(EXCEPT IN U S PLAINTIFF CASES)* | County of Residence of First Listed Defendant   Chester<br>*(IN U S PLAINTIFF CASES ONLY)*<br>NOTE IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |
| **(c)** Attorneys *(Firm Name, Address, and Telephone Number)*<br>KML Law Group, P.C - Rebecca A Solarz, Esquire<br>701 Market Street, Ste 5000, Phila , PA 19106<br>215-627-1322, RSolarz@kmllawgroup com | Attorneys *(If Known)* |

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [X] 1 U.S. Government Plaintiff
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U S Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [X] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for Nature of Suit Code Descriptions

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance<br>[ ] 120 Marine<br>[ ] 130 Miller Act<br>[ ] 140 Negotiable Instrument<br>[ ] 150 Recovery of Overpayment & Enforcement of Judgment<br>[X] 151 Medicare Act<br>[X] 152 Recovery of Defaulted Student Loans (Excludes Veterans)<br>[ ] 153 Recovery of Overpayment of Veteran's Benefits<br>[ ] 160 Stockholders' Suits<br>[ ] 190 Other Contract<br>[ ] 195 Contract Product Liability<br>[ ] 196 Franchise | **PERSONAL INJURY**<br>[ ] 310 Airplane<br>[ ] 315 Airplane Product Liability<br>[ ] 320 Assault, Libel & Slander<br>[ ] 330 Federal Employers' Liability<br>[ ] 340 Marine<br>[ ] 345 Marine Product Liability<br>[ ] 350 Motor Vehicle<br>[ ] 355 Motor Vehicle Product Liability<br>[ ] 360 Other Personal Injury<br>[ ] 362 Personal Injury - Medical Malpractice | **PERSONAL INJURY**<br>[ ] 365 Personal Injury - Product Liability<br>[ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>[ ] 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>[ ] 370 Other Fraud<br>[ ] 371 Truth in Lending<br>[ ] 380 Other Personal Property Damage<br>[ ] 385 Property Damage Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881<br>[ ] 690 Other | [ ] 422 Appeal 28 USC 158<br>[ ] 423 Withdrawal 28 USC 157<br>**PROPERTY RIGHTS**<br>[ ] 820 Copyrights<br>[ ] 830 Patent<br>[ ] 835 Patent - Abbreviated New Drug Application<br>[ ] 840 Trademark | [ ] 375 False Claims Act<br>[ ] 376 Qui Tam (31 USC 3729(a))<br>[ ] 400 State Reapportionment<br>[ ] 410 Antitrust<br>[ ] 430 Banks and Banking<br>[ ] 450 Commerce<br>[ ] 460 Deportation<br>[ ] 470 Racketeer Influenced and Corrupt Organizations<br>[ ] 480 Consumer Credit<br>[ ] 490 Cable/Sat TV<br>[ ] 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY**<br>[ ] 210 Land Condemnation<br>[ ] 220 Foreclosure<br>[ ] 230 Rent Lease & Ejectment<br>[ ] 240 Torts to Land<br>[ ] 245 Tort Product Liability<br>[ ] 290 All Other Real Property | **CIVIL RIGHTS**<br>[ ] 440 Other Civil Rights<br>[ ] 441 Voting<br>[ ] 442 Employment<br>[ ] 443 Housing/ Accommodations<br>[ ] 445 Amer w/Disabilities- Employment<br>[ ] 446 Amer w/Disabilities- Other<br>[ ] 448 Education | **PRISONER PETITIONS**<br>**Habeas Corpus:**<br>[ ] 463 Alien Detainee<br>[ ] 510 Motions to Vacate Sentence<br>[ ] 530 General<br>[ ] 535 Death Penalty<br>**Other:**<br>[ ] 540 Mandamus & Other<br>[ ] 550 Civil Rights<br>[ ] 555 Prison Condition<br>[ ] 560 Civil Detainee - Conditions of Confinement | **LABOR**<br>[ ] 710 Fair Labor Standards Act<br>[ ] 720 Labor/Management Relations<br>[ ] 740 Railway Labor Act<br>[ ] 751 Family and Medical Leave Act<br>[ ] 790 Other Labor Litigation<br>[ ] 791 Employee Retirement Income Security Act<br>**IMMIGRATION**<br>[ ] 462 Naturalization Application<br>[ ] 465 Other Immigration Actions | **SOCIAL SECURITY**<br>[ ] 861 HIA (1395ff)<br>[ ] 862 Black Lung (923)<br>[ ] 863 DIWC/DIWW (405(g))<br>[ ] 864 SSID Title XVI<br>[ ] 865 RSI (405(g))<br>**FEDERAL TAX SUITS**<br>[ ] 870 Taxes (U S Plaintiff or Defendant)<br>[ ] 871 IRS -Third Party 26 USC 7609 | [ ] 890 Other Statutory Actions<br>[ ] 891 Agricultural Acts<br>[ ] 893 Environmental Matters<br>[ ] 895 Freedom of Information Act<br>[ ] 896 Arbitration<br>[ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision<br>[ ] 950 Constitutionality of State Statutes |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U S Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*.
28 U S C 1345

Brief description of cause
Enforced Collections

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F R Cv P

**DEMAND $**

CHECK YES only if demanded in complaint:
JURY DEMAND: [ ] Yes [X] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions)*

JUDGE _____   DOCKET NUMBER _____

DATE 5/30/19   JUN 14 2019

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG JUDGE

GAM

19  2614

**DESIGNATION FORM**

*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff:  c/o Suite 5000 – BNY Independence Center, 701 Market Street, Philadelphia, PA 19106-1532

Address of Defendant:  350 South Sandy Hill Road Coatesville, PA 19320

Place of Accident, Incident or Transaction:  ACTION OF MORTGAGE FORECLOSURE OF REAL PROPERTY

---

**RELATED CASE, IF ANY:**

Case Number. _____    Judge: _____    Date Terminated. _____

Civil cases are deemed related when *Yes* is answered to any of the following questions·

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?    Yes ☐   No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    Yes ☐   No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?    Yes ☐   No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?    Yes ☐   No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE. ____5/30/19____        315936

*Attorney-at-Law / Pro Se Plaintiff*        *Attorney I D # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

**A.**  *Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☐ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☑ 11. All other Federal Question Cases
*(Please specify)*  Foreclosure of property encumbered by a fe

**B.**  *Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify)* _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
*(Please specify)* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration )*

I, _____, counsel of record *or* pro se plaintiff, do hereby certify

☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs.

☐ Relief other than monetary damages is sought.

DATE _____        _____

*Attorney-at-Law / Pro Se Plaintiff*        *Attorney I D # (if applicable)*

NOTE  A trial de novo will be a trial by jury only if there has been compliance with F R C P 38

*Civ 609 (5/2018)*

JUN 14 2019



# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br>　　　　　　　　　　　　　　Plaintiff<br>　　vs.<br><br>John F Petersheim<br>Lena M. Petersheim a/k/a Lena Mae Petersheim<br>　　　　　　　　Defendants | CIVIL ACTION NO.<br><br>**19　2614** |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that the defendants do not agree with the plaintiff regarding said designation, that the defendants shall, with their first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which those defendants believe the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus -- Cases brought under 28 U.S.C. §2241 through §2255. ( )

(b) Social Security -- Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration -- Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos -- Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management -- Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management -- Cases that do not fall into any one of the other tracks. (**X**)

5/30/19
Date

JUN 14 2019

**Attorney for Plaintiff, United States of America**
Pennsylvania Attorney I.D. No. 315936
Suite 5000 - BNY Independence Center
701 Market Street
Philadelphia, PA  19106-1532
(215) 825-6327 (Direct)
FAX (215) 825-6443
rsolarz@kmlllawgroup.com