<u>**UNITED STATES DISTRICT COURT**</u>
<u>**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**</u>

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>            **Plaintiff**<br><br>    vs.<br><br>**John F Petersheim**<br>**Lena M. Petersheim a/k/a Lena Mae**<br>**Petersheim**<br><br>            **Defendants** | **CIVIL NO. 19-2614** |

<u>**REPORT OF RULE 26(f) MEETING**</u>

In accordance with Federal Rule of Civil Procedure 26(f), counsel for the parties conferred on October 1, 2019 and submit the following report of their meeting for the Court's consideration:

Date of Rule 16 Conference:   <u>October 15, 2019</u>
Time of Rule 16 Conference:   <u>11:00 AM</u>

**1.   <u>Discussion of Claims, Defenses and Relevant Issues</u>**

On April 4, 1997, Plaintiff loaned Defendants a mortgage in the amount of $75,000. The loan was secured against the Property located at 350 South Sandy Hill Road, Coatesville, PA 19320. On October 11, 2002, at the request of the Defendants, the April 4, 1997 Note was rescheduled per a new Promissory Note in the amount of $57,616.97 and secured against the Property. Additionally, at the request of the Defendants, on October 11, 2002, Plaintiff loaned Defendants additional sums in the amount of $56,000.00. On February 4, 2004, at the request of the Defendants, both October 11, 2002 loans were rescheduled in the amount of $115,009.44. On September 19, 2005, at the request of the Defendants, the February 4, 2004 loan was rescheduled in the amount of $121,866.65.

Defendants have since defaulted on payments of the mortgage.

On February 15, 2012, Defendants filed a Chapter 12 bankruptcy action. Plaintiff received relief from the automatic stay on or about December 21, 2016. The bankruptcy was dismissed on September

18, 2099.

Defendants' argue in their Answer that Debtors had still been making bankruptcy trustee payments and that those payments were not properly accounted for.

2. **Informal Disclosures**

Plaintiff provided Defendant its Rule 26 Disclosures on or about September 10, 2019. The relevant loan documents referred to in Plaintiff's Complaint were attached as Exhibits to Plaintiff's Complaints.

3. **Formal Discovery**

At this time, parties do not intend to conduct discovery.

4. **Electronic Discovery**

At this time, parties do not intend to conduct discovery.

5. **Expert Witness Disclosures**

There is currently no anticipated testimony needed from expert witnesses.

6. **Insurance Coverage**

There is no insurance in this case.

7. **Settlement or Resolution**

Plaintiff is demanding the full amount owed on the mortgage.

8. **Trial Date**

Plaintiff intends to file a Motion for Summary Judgment prior to trial, so therefore requests a trial date with enough time for dispositive motions prior.

9. **Length of Trial**

Two to three days.

10. **Other Matters**

   Defendants have indicated that they intend to file a new Chapter 12 bankruptcy to stay this action.


       /s/Rebecca Solarz, Esq.
Rebecca Solarz, Esq.
Attorney for Plaintiff


       /s/Mitchell A. Sommers, Esq.
Mitchell A. Sommers, Esq.
Attorney for Defendant